## WILSON v. FREEDLEY.

(Circuit Court, D. Vermont. May 10, 1904.)

1. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

> Where alleged newly discovered evidence with reference to damages, alleged as a ground for a new trial, was in defendant's possession, and might have been produced at the trial except for defendant's oversight, and the evidence offered would not change the verdict to one for defendant, but would at most only mitigate the damages, the motion will· be denied.

At Law.

For former opinion, see 125 Fed. 962.

Orion M. Barber, for plaintiff.
Fred M. Butler, for defendant.

WHEELER, District Judge. This is a motion for a new trial· for newly discovered evidence filed since a remittitur of damages required to save the verdict on a motion to set it aside as against the evidence, and for excessive damages. Wilson v. Freedley, 125 Fed. 962. The issue to which the alleged newly discovered evidence would be applicable was as to the value of the uncovering of good marble by tunneling into poor marble above it, and making room for channeling machines for taking out the good. The plaintiff was stopped by the defendant December 31, 1901, and the tunneling remained as the plaintiff had left it in the possession of the defendant from that time to the time of the trial, October 13, 14, and 15, 1903. The plaintiff had tunneled above and taken out marble, under his contract, in other parts of the quarry near by, as designated with this part by the defendant.

As to the value of this work, the plaintiff testified that the tunneling above and taking out the marble in the other parts of the quarry showed that of the 45 cents, the contract price per cubic foot of good marble obtained, and from which 10 cents per foot for monthly deficiencies was to be deducted, about 15 cents per foot was required for the tunneling, 15 cents for the quarrying and removing, leaving 15 cents profit; and that he estimated the amount of good marble that would be produced by quarrying this part that had been uncovered at 26,640 cubic feet; that it had cost him $3,996 to uncover.

The defendant has owned these quarries many years, and works them, and was working some of them near by under charge of an experienced superintendent while the plaintiff was working these, and both observed the plaintiff's work. As to this tunneling and uncovering, sometimes called "stripping," the defendant did not question the plaintiff's estimate of the relative cost of stripping and quarrying, or the relative amount of both to profits under the contract, and testified:

"It is incomplete now, and would require at least two or three weeks with a crew and steam drill to complete the stripping."

His superintendent testified:

"Q. What remains to be done to complete that? A. There is some squaring up of the corners, and a little work in blasting on the back side of it."

---

¶ 1. See New Trial, vol. 37, Cent. Dig. §§ 202, 206, 226.

And on cross-examination:

"Q. You say it would take two men and a drill a week or two to finish the stripping of it? A. Yes, sir. Q. The wages of those men would be about how much? A. Oh, somewhere like $3 or $3.25 per day; that is, the two of them. Q. That would be $3 or $3.25 a day, for two weeks, and the use of a machine? A. Yes, and a boiler, and another man to fire that. Q. And when that was incurred, running a couple of weeks, the stripping would be finished? A. Yes."

The alleged newly discovered evidence is mainly to the effect that there is a horizontal seam, above where the plaintiff tunneled in these quarries, to which he did not go, but left a scale likely to fall, which has come down in one of the other places that he worked, which should have been taken down when the tunneling was done, and which must be taken down now at greater expense to complete the stripping. The scale that has come down in the other part of the quarry appears to have been blasted down since the plaintiff left, and the estimate that he made in comparison with the other tunneling did not include that. The value of the work done under such circumstances must have reference to the contract price. Gilman v. Hall, 11 Vt. 510, 34 Am. Dec. 700; Merrow v. Huntoon, 25 Vt. 9; Kelly v. Bradford, 33 Vt. 35. As this work would have to be done to get the good marble, and was what the defendant wanted done, and the deficiency in fulfilling the contract for 50,000 feet was to be compensated for by deduction from the price monthly, the value of the work under the contract would be what it would cost at the contract price. The plaintiff's estimate of the proportion for profits seems large, but the larger it was the less was left for the work. The quantity and character of the work was in issue in this suit ever after it was brought, and the seam and the scale below it were in evidence there within the defendant's control and view all the while, and within the observation of the defendant and his superintendent when examining into the deficiencies of the work at the corners and back, about which they testified, as well as they have ever been since or are now. The examination since by the defendant, his superintendent, and other witnesses desired is new, but the evidence afforded by the seam and scale are not new. That was at all times within the reach of the defendant, and the diligence used since the trial to procure the affidavits in support of this motion could have produced the witnesses at the trial. The plaintiff is not shown to have known any more about the seam or the necessity of working to it than the defendant, and there is nothing to show that the plaintiff concealed anything in this behalf from the defendant which has since been brought to light. The omission of this evidence may have been an oversight, but, if so, it was the defendant's oversight. To open the case for it would allow, perhaps, better preparation of the defense, but it would be because this part of the defense is better appreciated. In the interest of ending litigation, the law does not allow this to be done. This evidence could not change the verdict to one for the defendant, but only mitigate it. All anticipated profits have been excluded on the motion to set aside the verdict for excessive damages, and this part, with another small item, only remains. It may be large, but it is the jury's finding within their province, and it is better that it stand than that the rules of law applicable should be departed from.

Motion denied.