Price v. Clapp.

## G. L. Price *et ux. v.* R. T. Clapp.*

*(Knoxville.* September Term, 1907.)

1. **VERDICT.** Not set aside in supreme court for no evidence when there is some evidence to support it.

   Where the testimony furnishes some evidence to support the verdict of the jury, it will not be set aside in the supreme court on the ground that there is no evidence to support the same. (*Post, pp.* 429, 430.)

2. **LIBEL.** Evidence of other similar acts is incompetent, and its admission is reversible error.

   In an action for libel alleged to have been committed by an anonymous letter written by the defendant, charging the plaintiff to be dishonest, evidence that defendant had previously admitted the writing of other anonymous letters, and had represented herself as being "something like a white cap," was incompetent as irrelevant to the issues, and was inadmissible to show knowledge, intent, and purpose, under the rule admitting evidence of other offenses in certain criminal cases for the purpose of showing guilty knowledge or intent. (*Post, pp.* 430-432.)

3. **EVIDENCE.** Admission of incompetent evidence not clearly harmless. but prejudicial, is reversible error.

   Where it is not clear that defendant was not prejudiced by the erroneous admission of incompetent evidence, but, it seems, that the evidence very clearly influenced the jury and added materially to the amount of the damages awarded, its admission constitutes reversible error. (*Post, pp.* 431, 432.)

   Cases cited and approved: Lowry v. Railroad, 117 Tenn., 507, 515, and the cases there cited.

---

*As to evidence of other crimes in criminal case, see note to People v. Molineux (N. Y.), 62 L. R. A., 193.

Price v. Clapp.

4.  **LIBEL.** Rule of nominal damages does not apply where plaintiff was humiliated, though not discharged from his employment for some time.

In an action for libel for writing an anonymous letter to plaintiff's employer, charging the plaintiff to be dishonest, and resulting in his being immediately denied the confidence of his employer and in his being humiliated, the rule of nominal damages does not apply, though he remained in his employment for some time thereafter. (*Post, p.* 432.)

5.  **SAME.** Punitive or vindictive damages may be allowed, when

In an action for libel, where the charge imputes moral turpitude, punitive or vindictive damages may be allowed. (*Post, pp.* 432, 433.)

Case cited and approved: Saunders v. Baxter, 6 Heisk., 384.

6.  **SLANDER.** Wife cannot be sued for slander uttered by her without the joinder of her husband.

For a slander uttered by the wife alone, without her husband's knowledge, or participation, she cannot be sued alone, but must be sued jointly with her husband, who must be joined with her for the sake of conformity. (*Post, p.* 434.)

Case cited and approved: Lee v. Atchley, MS.

7.  **SLANDER.** Husband is liable for compensatory damages only, and not for punitive damages, for slander uttered by wife, in action against both for her slander.

For a slander uttered by the wife without her husband's knowledge or participation, in action against them jointly, he is liable for compensatory damages only, and not for punitive or vindictive damages, though she may be liable for the punitive or vindictive damages. (*Post, pp.* 433-435.)

Case cited and approved: Lee v. Atchley, MS.

8.  **TORTS.** Solid verdict against all joint tort feasors, when.

As a general rule, a verdict which distributes the liability between joint tort feasors, according to jury's impression as to the

Price v. Clapp.

varying degrees of culpability of the respective parties, is not proper, on the ground that all who participate are equally liable to the injured person for the entire amount of the verdict. (*Post, p.* 435.)

Case cited and approved:  Railroad v. Jones, 100 Tenn., 512.

9.  **LIBEL.  Husband is liable with wife for compensatory damages, but not for punitive damages for which she is liable.**

In an action against the husband and wife for a libel committed by the wife alone, they are both jointly liable for the compensatory damages, for which the wife is liable, and she alone is liable for the additional exemplary or punitive damages properly allowable, and verdicts and judgments should be framed accordingly.  (*Post, pp.* 432-437.)

Code cited and construed:    Secs. 4700, 4701, 4702 (S.); secs. 3686, 3687, 3688 (M. & V.); secs. 2972, 2973, 2974 (T. & S. and 1858).

Cases cited and approved:    Darwin v. Cox, 5 Yerg., 257; Carpenter v. Lee, 5 Yerg., 266; Railroad v. Gore, 106 Tenn., 390; Lee v. Atchley, MS.; Wilson v. Freedley (C. C.), 125 Fed., 962; 129 Fed., 835; Hill v. Duncan, 110 Mass., 238; Austin v. Wilson, 4 Cush., 273; Smith v. Taylor, 11 Ga., 20; Baker v. Young, 44 Ill., 42, 47; Zeliff v. Jennings, 61 Tex., 458.

## FROM KNOX.

Appeal in error from the Circuit Court of Knox County to the Court of Civil Appeals, and Certiorari from the Court of Civil Appeals.—Jos. W. SNEED, Circuit Judge.

SHIELDS, CATES & MOUNTCASTLE, for Price.

ROBERTS & HARRIS, for Clapp.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

R. T. Clapp brought this suit in the circuit court of Knox county against G. L. Price and his wife, Annie B. Price, to recover the sum of $5,000 damages alleged to have been suffered by the plaintiff Clapp by reason of an anonymous letter averred to have been written by Price and wife to Clapp's employer, one Crouch, in which the writer is alleged to have charged Clapp with being a thief. The declaration charges in substance:

(1) That on or about the 19th day of March, 1906, the defendants, Price and wife, wrote and mailed to Mr. Will Crouch the following letter, to wit:

"I understand R. Clapp is at work in your flower establishment. I want to give you a little warning. You better arrange money affairs so he cannot handle any cash. If you do, you will come up short. I know what I say."

(2) That the letter so addressed to Will Crouch was intended for, and was in fact delivered to, one Arthur Crouch, plaintiff's employer, and that by R. Clapp was meant the plaintiff, R. T. Clapp, who was then in the employ of the said Arthur Crouch.

(3) That by the letter the defendants intended to charge, and did charge, and assert falsely, that the plaintiff below was dishonest and was a thief.

(4)  That, by reason of the writing and publication of the libelous letter, plaintiff was discharged and turned out of his position, and brought into public disrepute.

The defendants, Price and wife, pleaded the general issue of not guilty.

The case was tried in the circuit court before a jury and resulted in a verdict against the defendants, G. L. Price and his wife, Annie B. Price, for the sum of $1,-000.  A motion for a new trial was entered, and was overruled by the court, and thereupon the case was appealed to the court of civil appeals, and in that court the judgment of the court below was affirmed, and the case was brought to this court by the writ of certiorari.

The errors assigned are as follows:

First, that there is no evidence to support the verdict; second, that the trial judge erred in permitting the witness Mrs. R. T. Clapp to testify, over the objection of G. L. Price and wife, that Mrs. Price admitted to the witness that she had written anonymous letters other than the one sued on to one of her nephews-in-law and his mother; third, because the damages are excessive, indicating passion, caprice, and prejudice on the part of the jury; fourth, that the circuit judge erred in charging the jury that they might award punitive damages.

The first error assigned is overruled.  We are of the opinion that the testimony both of Mr. Clapp and his wife furnishes some evidence that the letter complained of was written by Mrs. Price.

The second assignment is based upon the admission of the following evidence to the jury over the objection of the plaintiffs in error:

"Q. Did Mrs. Price ever admit to you about writing other anonymous letters? A. Yes, sir. Q. I will ask you if she ever told you who she wrote them to. A. Yes, sir; she did. Q. What relation to her, if any, were the people she wrote them to? A. One was a nephew-in-law. Q. Is that the same relation Mr. Clapp is? A. Yes, sir; and the other one was his mother. Q. What did she represent herself as being? A. Something like a white cap."

This evidence was objected to because irrelevant to the issue in this case. The objection was overruled by the circuit judge, and the witness was permitted to answer as above.

We are of the opinion that this testimony was incompetent on the ground stated in the objection. It was certainly wholly immaterial to the determination of the issue before the court whether Mrs. Price had written other letters or not. An effort is made to sustain the competency of the evidence on the theory of those cases wherein evidence of other crimes committed by a person on trial in a criminal case is allowed to go to the jury for the purpose of showing knowledge, intent, and purpose in respect of the particular kind of acts under examination in the cases referred to. We think the principle applied in the cases instanced is wholly inapplicable to the present controversy. Here there can be no doubt

whatever of the intent or purpose with which the letter was written, nor is there any question of a scheme or plan. The only matter of inquiry under the evidence was whether Price and wife were guilty of writing this letter. Considering this letter, the fact that she had written other letters to other people could be of no sort of importance, and could throw no light whatever upon the question. The court of civil appeals in its opinion said in substance, that the evidence was incompetent, but its admission would not be sufficient ground for reversal, inasmuch as it could not have harmed the plaintiffs in error. We think this was an incorrect view. The rule upon this subject is that where incompetent evidence has been admitted, and this court can clearly see that in no aspect of the case could the parties objecting have been injured by such testimony, then there can be no reversal for the error in admitting it. The cases upon this subject will be found collected in *Lowry* v. *Railroad,* 117 Tenn., 507, 515, 101 S. W., 1157, et seq. Not only can we not be so certain that there was no injury inflicted, but it seems very clear to us that the evidence referred to was very harmful to the plaintiff's in error, since it no doubt inflamed the jury, and added materially to the amount of damages which they allowed. This evidence placed the plaintiffs in error, or, rather, Mrs. Price, before the court and jury in the aspect of a common libeler, who should not only be compelled to respond to the injury done to the defendant in error,

but should be punished for her other infractions of good order against other persons.

The second assignment is therefore sustained.

As to the third assignment, we deem it proper to say only this: Since the judgment must be reversed, and the cause remanded to the lower court for a new trial, for the error mentioned in the second assignment, and for that mentioned in the fourth assignment, which we shall presently consider, we do not deem it necessary or proper to pass upon the evidence as to the amount of the verdict further than to say that we do not think the suggestions contained in the brief under the third assignment, to the effect that only nominal damages should be allowed, can be entertained. It is true that Mr. Clapp, remained with Mr. Crouch as his employee for some time after the letter was received, still it was testified to by Mr. Clapp that the keys were immediately taken from him, and he was thus denied the confidence of his employer, and humiliated. We do not think that under such circumstances a verdict for mere nominal damages would be sufficient.

Under the fourth assignment, objection is made to the charge of the circuit judge upon the subject of punitive damages. The portion of the charge to which objection is raised is in the following language:

"In the event you find for the plaintiff in this case, you can also award punitive or vindictive damages. In other words, any charge that imputes moral turpitude is a case that the jury may in its discretion and under the

Price v. Clapp.

facts and circumstances of the case award punitive or vindictive damages, which is measured by no other rules than by considering all the facts of the case, and such damages as the jury thinks ought to be awarded that would deter any others from the commission of a like offense."

It is not denied by counsel for the plaintiffs in error that in general punitive damages may be allowed in this class of cases, and it has been so held in the case of *Saunders v. Baxter,* 6 Heisk., 384. The point, however, of the objection is that the husband was not liable for punitive damages, and that the charge quoted was erroneous as to him..

We had this question before the court at the September term, 1904, at this place, in the case of *Thomas Lee & Wife* v. *Adelia C. Atchley, by Next Friend* (memorandum case). In that case, in an opinion delivered by Beard, C. J., it was said:

"There is no doubt that in a case where such damages are proper evidence of the pecuniary condition of the wrongdoer may be given. *Dush* v. *Fitzhugh,* 2 Lea, 307; *Cumberland Tel. & Tel. Co.* v. *Poston,* 94 Tenn., 698; 30 S. W., 1040. But this is not that case. This suit is brought against the husband and wife for slanderous words alleged to have been spoken by her. It is neither averred in pleading or pretended in evidence that the husband counseled or connived at their utterance. The declaration alleges that the wife did the wrong. This

119 Tenn.—28

is the case which the plaintiff himself made. If the declaration had alleged that it was done by the wife in the husband's presence, or upon his demand, it would have been demurrable by the wife. It is because the wrong complained of is the wife's independent and personal act that she can be sued at all. It is well settled that the husband is not joined as defendant in such cases on the ground that the wife's misconduct is imputable to him, but for conformity's sake. His being a defendant results not from his participation in the wrong, but from the fact that the existence of the marriage relation makes it impossible for the injured party to sue the wife alone. To reach her, the husband must be joined in the action. If the wife is found guilty, notwithstanding his innocence, the law visits the consequences on his head, as well as hers. But, where this is the case, does not the violated law exact all to which it is entitled when it exacts from this innocent party full compensation for the wrong inflicted by the wife? Upon what reasonable ground can it be maintained that he should be compelled to answer in exemplary damages? These are allowed for a wanton and flagrant wrong. Why, then, should they be required of one absolutely blameless, and only held liable on technical grounds? So it is, we think, the weight of authority and of sound reason that the damage recoverable against him is compensatory, and that vindictive damages will not be allowed. Newell, p. 365, and cases cited."

This would, of course, not preclude a judgment

against the wife herself for punitive damages, and there could be no objection to having the verdict show how much was assessed on this head.

It has been held in this State, in accordance with the weight of authority everywhere, that a verdict is not proper which distributes the liability between joint tortfeasors according to the jury's impression as to the varying degrees of culpability of the respective parties, but that all who participate are equally liable to the injured party, and he is entitled to a solid verdict against all the guilty ones. *Railroad* v. *Jones,* 100 Tenn., 512, 45 S. W., 681. It has been held, however, that, where one of the defendants is found not guilty, a verdict may be rendered in favor of that one, and at the same time a verdict against the guilty one in favor of the plaintiff in the action. *Darwin v. Cox,* 5 Yerg., 257; *Carpenter* v. *Lee,* 5 Yerg., 266. And it has been held in *Street Railway Co.* v. *Gore,* 106 Tenn., 390, 61 S. W., 777, that, where several tortfeasors sued jointly, a new trial may be granted as to one, and there may be an appeal as to another, and the judgment enforced against the latter. But, coming more closely to this special question, it has been held that there may be separate findings in the verdict, as to different elements of recovery, against the same defendant even. *Wilson* v. *Freedley* (C. C.), 125 Fed., 962, and Id., 129 Fed., 835; 22 Am. & Eng. Encyc. of Law, 913, and notes thereto.

It is true that the husband is liable for the wife's libel (*Hill* v. *Duncan,* 110 Mass., 238; *Austin* v. *Wilson,* 4

Cush., 273, 50 Am. Dec., 766), but she is also liable as a very real party. (*Smith* v. *Taylor*, 11 Ga., 20; *Baker* v. *Young*, 44 Ill., 42, 47, 92 Am. Dec., 149), and in Texas it is held that as between husband and wife, where a judgment has been rendered against them for damages occasioned by the wife's slander, if the husband in no way participates in the wrong, the separate estate of the wife will be applied to the payment of the judgment, and, if her property is not sufficient, then resort will be had to the common estate, after which the separate estate of the husband may be taken. *Zeliff* v. *Jennings*, 61 Tex., 458.

Under the rule above announced in *Lee and Wife* v. *Atchley*, we see no objection to a verdict against the husband and wife for their joint liability, and against the wife for such additional amount as the jury may think proper on the basis of punitive damages, and the framing of the judgment accordingly. In Shannon's Code it is laid down:

"Sec. 4700. Judgment may be given for or against one or more of several plaintiffs, or for or against one or more of several defendants.

"Sec. 4701. In such case, the verdict shall be as the right may appear, and shall state separately any amount allowed to any of the parties.

"Sec. 4702. Such and so many judgments—joint, separate and cross—may be rendered as may be necessary to the rights of the parties, or one amount may be set off against another and judgment rendered for the residue,

Price v. Clapp.

or judgment may be rendered for the defendant against the plaintiff for any amount or balance for which it is found that the plaintiff is liable."

For the errors committed in respect of the matters mentioned in the second and fourth assignments, the judgment of the court of civil appeals, and of the circuit court must be reversed, and the cause remanded to the circuit court for a new trial.