### LATASA v. ARON et al.

(Supreme Court, Trial Term, New York County.   March 27, 1908.)

FALSE IMPRISONMENT—ACTIONS—TRIAL—VERDICT—SUFFICIENCY.
    Where, in an action for false imprisonment, the jury were warranted
    in finding that defendant was actuated by actual malice, and therefore
    liable for punitive as well as compensatory damages, and that a code-
    fendant was innocent of actual malice, and therefore liable for compen-
    satory damages only, a verdict against defendant for $2,500 and against
    the codefendant for $200 was valid, as a verdict fixing compensatory dam-
    ages at $200 and assessing punitive damages in the additional amount of
    $2,300 against the defendant who was actuated by malice.

Action by Cameto H. Latasa against Mark Aron and another.  Mo-
tion by defendants to set aside a verdict for plaintiff, and for a new
trial.  Motion denied.

John Goode, for plaintiff.
Hollander & Bernheimer, for defendants.

FORD, J.  This is a case of false imprisonment.  The jury were
warranted in finding, and for the purpose of sustaining the verdict it
must be assumed they found, that the defendant Aron was actuated
by flagrant actual malice, and therefore liable for punitive as well as
compensatory damages, and that the defendant Conroy was innocent
of actual malice, and therefore liable for compensatory damages only.
Against the former they found a verdict for $2,500; against the lat-
ter, one for $200.  The manifest interpretation of these findings by
the jury is that they fixed compensatory damages at $200 and assessed
punitive damages in the additional amount of $2,300 against that de-
fendant who was actuated by malicious motives.

As to whether a verdict in such form can stand as against joint tort-
feasors has never been squarely decided in this state.  At least, neith-
er counsel has cited a case directly in point, nor have I been able to
find one.  In general, it may be said that the cases in which the lia-
bility as between joint tort-feasors is discussed are those arising out
of negligence or some state of facts wherein punitive damages do not
enter as an element.  The Supreme Court of Pennsylvania (McCarthy
v. De Armit, 99 Pa. 63) has decided that such a verdict cannot stand;
but that decision is based upon the old English case of Clark v.
Newsam, 1 Ex. 131, 139, wherein the question as to the adequacy of
compensatory damages alone was involved.  It is true that an ob-
scure dictum is there found which suggests the doctrine laid down in
the Pennsylvania case, supra; but a careful reading of the whole of
the English decision, with its accompanying arguments and notes,
clearly shows how far short it falls of the broad meaning given to it
by the Pennsylvania court.  The Appellate Court of Illinois (Pard-
ridge v. Brady, 7 Ill. App. 639) holds that such a verdict cannot stand,
but cites no authority.  I do not consider those cases decisive of this
motion, particularly, as I have said, since the old English case cited
as authority supra is not at all in point.  I am convinced that the jury
in this case honestly endeavored to render a just verdict, and, although

the form in which it was returned was unexpected by both the trial court and counsel, yet it seems to me to accord with reason and common sense. In my opinion, aside from the purely legal aspect of the case, the evidence furnished ample warrant for the verdict rendered.

Motion to set aside the verdict and for a new trial is therefore denied.