### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## WESTERN DIVISION

### JACKSON, APRIL TERM, 1915.

MEMPHIS ST. RY. Co. *v.* STRATTON.[*]

*(Jackson.* April Term, 1915.)

MASTER AND SERVANT. Injuries to third person. Master's liability. Exemplary damages.

Where plaintiff ran his automobile into an excavation opened in a highway by defendant street railway company, whose night watchman thereupon tortiously assaulted him while he was endeavoring to extricate his machine, the defendant was liable in exemplary damages, although no relation of contract subsisted between it and the plaintiff.

Cases cited and approved: Traction Co. v. Lane, 103 Tenn., 376; Railroad v. Garrett, 76 Tenn., 438; Railroad v. Fleming, 82 Tenn., 128; Haehl v. Railroad, 119 Mo., 325; Smith v. Middleton, 112 Ky., 588; Railroad v. Robinson, 125 Ala., 483; St. Louis, etc., R. Co. v. Hackett, 58 Ark., 381; Baltimore, etc.,

---

[*]The authorities on the question of master's liability to exemplary damages for act of servant are reviewed in the note in 48 L. R. A. (N. S.), 35.

Memphis St. Ry. Co. v. Stratton. ·

R. Co. v. Strube, 111 Md., 119; Forrester v. Southern P. Co., 48 L. R. A. (N. S.), 35; Railroad v. Starnes, 56 Tenn., 52.

Cases cited and disapproved: Railroad v. Carter, 129 Tenn., 459; Railroad v. Dies, 98 Tenn., 655.

·FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—H. W. LAUGHLIN, Judge.

ANDERSON & CRABTREE, for plaintiff.

McKINNEY BARTON, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

Stratton, as plaintiff, recovered in the circuit court a judgment against appellant company for $3,000, $1,000 of which was allowed for compensatory damages, and $2,000 for exemplary damages.

One of the assignments of error accompanying a petition for certiorari filed, for a review of the judgment of the court of civil appeals which approved the allowance of exemplary damages, is that there is no proper basis for the support of such an allowance.

Stratton was driving his automobile at nightfall on Poplar avenue, in the city of Memphis, at the intersection of which avenue with Third street the track

of the company was torn up for reconstruction purposes, and the automobile, in order to avoid street car rails piled on one side of the street, was swerved to the left, and in so doing it dropped into the excavation which was unguarded, and which was lighted by no signal or warning lanterns.

While Stratton was engaged in trying to remove the machine from the execavation, the watchman of the company, one Nelson, whose place of duty was at the excavation in the street for the purpose of looking after the company's property, came up. Stratton had just procured a board from a temporary crossway over the excavation placed to allow vehicles to pass, for the purpose of aiding him in raising the automibile to the street level.

Nelson asked, with an epithet, of Stratton why he had run into the trench or hole. Stratton started to get another board for the same purpose, and was in the act of lifting it when Nelson remarked with an exceedingly vile and opprobrious epithet, not fit to be mentioned here, ''Don't tear up my walk,'' and struck Stratton, who was stooping over, in the face with his fist, and then over the head with the butt of his pistol. This was done in the presence of Stratton's friends who had been with him in the automobile and of a large number of bystanders who had been attracted by the disabled machine.

It is the contention of the company that exemplary damages are not allowable for willful and wanton acts of one of its servants, done even in the scope of his

employment, unless the person wronged stand in some contractual relation to the company, as, for example, passenger to carrier.

The appellant properly concedes that this court is committed to the doctrine, along with many others (7 Labatt, Master & Serv., sections 2554-2556), that a principal is liable for such acts of his agent regardless of previous special authorization or of subsequent ratification, but urges that the true rule excludes liability for wrongs done to one who has no such contractual relation, citing *Traction Co.* v. *Lane,* 103 Tenn. (19 Pickle), 376, 53 S. W., 557, 46 L. R. A., 549; *Railroad* v. *Garrett,* 8 Lea (76 Tenn.), 438, 41 Am. Rep., 640; *Railroad v. Fleming,* 14 Lea (82 Tenn.), 128, 151. These cases afford examples of the general rule; they are not to be construed as imposing any such limitation on it.

In this connection appellant company criticizes the case of *Railroad* v. *Carter,* 129 Tenn., 459, 166 S. W., 592, and along with it *Railroad* v. *Dies,* 98 Tenn. (14 Pickle), 655, 41 S. W., 860, as having disregarded, as by oversight, the limitation so contended for; it being recognized that these cases on their faces support the contrary view.

We are cited no case in which this distinction for limitation is taken; and, on the other hand, many cases proceed, as do the last two cited above, upon the theory that the existence of no such relationship is requisite to the allowance of exemplary damages, among them being *Haehl* v. *Wabash R. Co.,* 119 Mo., 325, 24

S. W., 737; *Smith* v. *Middleton,* 112 Ky., 588, 66 S. W., 388, 56 L. R. A., 484, 99 Am. St. Rep., 308; *Railroad* v. *Robinson,* 125 Ala., 483, 28 South., 28; *St. Louis, etc., R. Co.* v. *Hackett,* 58 Ark., 381, 24 S. W., 881, 41 Am. St. Rep., 105; *Baltimore, etc., R. Co.* v. *Strube,* 111 Md., 119, 73 Atl., 697; and other cases cited in note to *Forrester* v. *Southern P. Co.,* 48 L. R. A. (N. S.), 35, 44.

The chief reliance of the appellant is the case of *Railroad* v. *Starnes,* 9 Heisk. (56 Tenn.), 52, 24 Am. Rep., 296, the soundness of which on the point of exemplary damages has been doubted when, as there, it is once granted that the servant was acting in the line of employment. *Railroad* v. *Garrett,* supra. And it must be conceded that that case is not easily to be harmonized with our later cases, or made to consist logically in respect to the rulings therein made upon its facts.

The following observations of the supreme court of Mississippi are not without considerable force:

"The judge-made law of punitive damages is not the result of logic, but of public necessity, as text-writers and courts have repeatedly shown. If corporations—artificial beings who can act only through agents and servants in their varied and multitudinous and constantly recurring business dealings with the public—can never be held liable in punitive damages for the acts of their servants unless expressly authorized by them, unless expressly ratified by them, no matter how gross and outrageous the wrongful act

of the servant, we feel perfectly safe in declaring that no recovery for more than mere compensatory damages will ever again be awarded against corporations. Corporations never expressly authorize their servants to beat or insult or outrage those having business relations with them, and they rarely ratify such conduct. Having, by the constitution of their being, to act solely by agents or servants, they must, as matter of sound public policy, be held liable for all the acts of their agents and servants who commit wrongs while performing the master's business and in the scope of their employment, and this to the extent of liability for punitive damages in proper cases.''

There was no error in the judgment of the court of civil appeals.   Writ of *certiorari* denied.