[Civ. No. 6274. Second Appellate District, Division Two.—April 12, 1930.]

CHARLES C. BOGARDUS, Appellant, v. M. F. O'DEA, Respondent.

Norbert Savay for Appellant.

Bradner W. Lee, Jr., and Kenyon F. Lee for Respondent.

BURNELL, J., *pro tem.*—The appeal is taken upon the judgment-roll, which discloses the record to be as follows: The original complaint named as defendants H. S. McLaughlin and H. Sydney McLaughlin in addition to O'Dea, who is the respondent here. It is alleged that in June, 1924, O'Dea, through his attorney H. S. McLaughlin, had filed a complaint seeking recovery of money claimed to be due on the rental of certain real property; that the return on the summons showed personal service thereof by H. Sidney McLaughlin and that thereafter judgment by default was entered against the appellant on which a writ of execution was served over two years after the commencement of the action, by virtue of which appellant's money on deposit in a bank was seized and turned over to O'Dea and H. S. McLaughlin, and his safe deposit box attached; that appellant was never in fact served with summons and had no knowledge of the commencement or pendency of the action until October of 1926, when his bank

account was levied on; "that if this plaintiff had any knowledge in due time of the issuance of said summons and complaint he would have defended said action or had he the knowledge that a default had been entered therein he would have moved to have said default set aside and vacated on the ground that the plaintiff had then, and now has a good, meritorious defense to said action, to-wit: that he paid the moneys claimed by said O'Dea in his said complaint, also on the ground that he never received said summons and complaint and never knew of their issuance until October 29, 1926, as aforesaid"; that by reason of the acts of the three defendants in thus procuring a judgment by means of a "false and fraudulent representation and return" as to service of process, known to them to be false when made and made with intent to obtain judgment by default, and by reason of the execution levy, the plaintiff's credit had been impaired, his health injuriously affected and his bank deposit seized. The relief prayed for as against all three defendants was $3,156 compensatory and $3,000 punitive damages and that the judgment in the former action be set aside and the action dismissed.

Demurrers having been sustained, appellant dismissed the action as to the two McLaughlins and filed an amended complaint in which O'Dea was named as sole defendant. The allegations and prayer of this amended complaint are substantially the same as in the original pleading except that punitive damages are not sought.

The respondent demurred to the amended complaint upon the ground, among others, that several causes of action were improperly united and not separately stated, to wit, one in equity, to vacate a judgment, and one for damages. He also moved for a judgment of dismissal upon the ground that the plaintiff had dismissed the action as against his co-defendants "with prejudice" and that as they had all been sued as joint tort-feasors the release of the McLaughlins by dismissal of the action as to them operated as a release as against respondent also. The demurrer and motion coming on for hearing at the same time, the motion was granted, the demurrer was ordered off calendar and there followed the judgment of dismissal, from which this appeal is taken.

The original complaint set up two distinct causes of action without attempting to state them separately. One

of the causes of action so pleaded was for damages alleged to have been suffered by appellant as a result of the "false and fraudulent representation and return" as to service of summons upon him, made, as the complaint alleged, "with intent to deceive in order to obtain said default judgment." According to the allegations of the original complaint all three of the defendants joined in the commission of the tort giving rise to this cause of action and hence a retraxit of the cause of action in favor of any of them operated as a release of all of them. As said in *Chetwood* v. *California Nat. Bank*, 113 Cal. 414 [45 Pac. 704, 707] : "While plaintiff may sue one or all of joint tort-feasors, and while he may maintain separate actions against them, and cause separate judgments to be entered in such actions, he can have but one satisfaction. Once paid for the injury he has suffered, by any one of the joint tort-feasors, his right to proceed further against the others is at an end. Where several joint tort-feasors have been sued in a single action, a retraxit of the cause of action in favor of one of them operates to release them all. The reason is quite obvious. *By his withdrawal, plaintiff announces that he has received satisfaction for the injury complained of,* and it would be unjust that he should be allowed double payment for the single wrong. It matters not, either, whether the payment made was in a large or in a small amount. If it be accepted in satisfaction of the cause of action against the one, it is in law a satisfaction of the claim against them all." (Italics ours.) In *Flynn* v. *Manson*, 19 Cal. App. 400 [126 Pac. 181], the action was against several defendants for the recovery of damages for tort. The plaintiff dismissed as to one of the defendants, the dismissal, however, containing a provision that it was not the intention of the plaintiff to release the other defendants from liability. The remaining defendants moved for dismissal of the action as to them, upon the same ground as that urged in the instant case. Affirming the judgment of dismissal which followed the order granting this motion, the court held that the release, notwithstanding the saving clause, was a discharge not only as to the defendant as to whom the dismissal was filed, but as to his co-defendants. To the same effect are the decisions in *Tompkins* v. *Clay Street R. R. Co.*, 66 Cal. 163 [4 Pac. 1165], and *Urton* v. *Price*, 57 Cal. 272. We are not unmindful of the decisions in *Drinkhouse*

v. *Van Ness,* 202 Cal. 359 [260 Pac. 869, 877], in which it was held that a dismissal as to one of the defendants did not amount to a retraxit. But in that case there was testimony to the effect that the defendant released had paid nothing for the release, that the plaintiff had no claim on him and that the dismissal was executed for the purpose of relieving him of costs in the suit. The court said:: "The question whether Chase was a joint tort-feasor with Van Ness had not been determined. On the evidence subsequently admitted it would appear that he was not." ■ This appeal being on the judgment-roll alone and no evidence being before us, we cannot assume that the plaintiff received nothing from the defendants, as to whom he dismissed, by way of settlement of his claim for damages. ■ We have no means of ascertaining what, if any, evidence on this subject was presented to the court below on the hearing of the motion for dismissal as to O'Dea, and all intendments will be made in support of the judgment on an appeal of this nature and all proceedings necessary to its validity will be presumed to have been regularly taken. (*Carruthers* v. *Hensley,* 90 Cal. 558 [27 Pac. 411].)

■ Appellant further urges that the dismissal signed by his attorneys cannot operate as a retraxit because a retraxit cannot be given by an attorney, but only by the plaintiff in person. This was the rule at common law, but is not the rule in California, where, under the statutory provisions relating to attorneys at law (sec. 283, Code Civ. Proc.), "this authority must be considered as conferred upon the attorney of record in a cause." (*Merritt* v. *Campbell,* 47 Cal. 542; *Westbay* v. *Gray,* 116 Cal. 660 [48 Pac. 800].) Under our practice the client himself has, in fact, no authority to enter a dismissal since: "While there is an attorney of record, no stipulation as to the conduct or disposal of the action should be entertained by the court unless the same is signed or assented to by such attorney." (*Commissioners* v. *Young,* 29 Cal. 147 [87 Am. Dec. 164].)

■ As to the cause of action sounding in tort the motion to dismiss was properly granted, but, as· we have said, *two* causes of action are stated in the amended complaint. The facts alleged therein are sufficient, irrespective of any question as to damages by reason of wrongful conduct, to state a cause of action against the respondent for the vacation of

a judgment obtained by him against the appellant by the employment of extrinsic fraud. (*Dunlap* v. *Steere,* 92 Cal. 344 [27 Am. St. Rep. 143, 16 L. R. A. 361, 28 Pac. 563]; *Parsons* v. *Weis,* 144 Cal. 410 [77 Pac. 1007]; *Belle* v. *Thompson,* 147 Cal. 689 [82 Pac. 327].) This cause of action was in equity. The judgment obtained was in favor of respondent alone and no one else was a necessary party defendant to a cause of action to obtain the equitable relief of a decree setting it aside and vacating it. Manifestly, the dismissal as to the two defendants from whom, as well as from respondent, appellant sought to recover damages for the injuries which he claimed resulted from the wrongful acts of all of them as joint tort-feasors did not and could not affect the cause of action for vacation of the judgment as against the one defendent in whose favor it had been entered. Had the pleading been properly drawn, with each of these causes of action separately stated, the plaintiff could, of course, have dismissed as to either one without jeopardizing the other just as he might have dismissed as to one action and proceeded with the other had he filed two separate actions, one to set aside the judgment on the ground that it had been obtained by the employment of extrinsic fraud and the other for the recovery of damages. The fact that the two causes of action were improperly united in one complaint and were not separately stated does not alter the situation.

Instead of ordering the demurrer off calendar the court below should have sustained it with leave to amend, thus enabling appellant to separate his equitable cause of action from that sounding in tort and, upon dismissal as to the latter, to proceed to trial upon the former. The dismissal as to the equitable cause of action was clearly erroneous.

Judgment reversed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.