[Civ. No. 11930. First Dist., Div. One. Jan. 29, 1943.]

EDWIN KIM, Respondent, v. O. S. CHINN et al., Appellants.

A. B. Bianchi for Appellants.

Manwell & Manwell and John L. McCarthy for Respondent.

WARD, J.—This action is one for damages for assault and battery brought against O. S. Chinn, Jack Chinn, Johnson Chinn, Chin Wai and two fictitious defendants. Judgment was entered in favor of the plaintiff upon a general verdict against the two defendants first named for the sum of $7,500, and against the first named defendant for an additional sum of $1,000 as exemplary or punitive damages. These two defendants appeal from the judgment.

The complaint contained eight counts. Counts 4, 5, 6 and 7 may be at once eliminated from consideration, since these charge the offense to have been committed either by defendants who were not served with process, or by fictitious defendants as to whom the complaint was dismissed.

The first count charges the assault and battery to have been perpetrated by Jack Chinn, acting alone, with malice and ill will; the second, that it was committed by all O. S. Chinn's codefendants acting under his direction and command and in his presence; the third, that it was committed by O. S. Chinn, and the eighth, that it was perpetrated by Jack Chinn, O. S. Chinn and the two fictitious defendants ''with malice and ill will and with the intent and design of injuring and oppressing'' plaintiff.

By their answer Jack and O. S. Chinn deny generally and specifically the allegations of counts 1 and 2 made against them respectively, and plead that they acted in self-defense; O. S. Chinn denies the allegations of count 3, pleads self-defense and avers that the plaintiff maliciously assaulted him; and both Jack and O. S. Chinn deny generally and specifically the allegations of count 8 and repeat their plea of self-defense.

In support of the appeal it is contended that no punitive damages may be awarded against a joint tort-feasor unless his co-tort-feasor is also charged with malice; and, second, that the judgment for compensatory damages against the two appellants is unsupported by the evidence and is also erroneous on other grounds.

The testimony, so far as the principals are concerned, is conflicting. It appears that plaintiff, who occupied living quarters belonging to O. S. Chinn, was in arrears in the payment of his rent. On the evening of April 9, 1939, the latter called upon his tenant, asked for the rent and, after some talk, was invited in. An altercation followed, during which O. S. Chinn threatened to put a padlock on the quarters if the rent was not paid that evening, and plaintiff stated that he would burn the place down if this was done. The two men then set to fighting, going through the door, off the porch and on to the gravel. Plaintiff, an ex-pugilist, thirty-eight years of age, denies that he knocked O. S. Chinn down, but admits that a lodger occupying another cabin warned him to stop fighting; and there is evidence that serious injuries were sustained by O. S. Chinn, a frail and older man,

at this phase of the fight. During this activity, someone telephoned to O. S. Chinn's place of business, a grocery store and market, in which defendant Jack Chinn had a small interest and was employed as clerk, that there was trouble at the lodgings, and, arming himself with a gun, he immediately left for the scene of the trouble. In the meantime, the two men having fought their way back into the cabin, O. S. Chinn departed, only to return almost immediately. Jack Chinn testified that he did not draw the gun until he had been knocked down several times by plaintiff; and there is testimony that the latter, with one arm around the neck of O. S. Chinn—who was endeavoring to keep the men apart—attempted with his other hand to grab the gun. In any event, the three men continued to fight in plaintiff's quarters and the gun was discharged, wounding him in the legs. Jack Chinn then left the scene, taking the gun with him, and leaving O. S. Chinn in the grip of plaintiff. At about this time, Johnson Chinn, a young college student and the son of O. S. Chinn, appeared on the scene and, in an effort to loosen plaintiff's hold on his father's neck, struck his assailant several times. A non-combatant witness for plaintiff testified that when he arrived plaintiff was on the floor, propped up against the bed; that at this time O. S. Chinn struck him again. The fight was finally broken up by the arrival of the police, and O. S. Chinn and plaintiff, who had both sustained serious injuries, were taken to a hospital.

The first point presented by appellants is that no punitive damages may be awarded against any jointly charged tort-feasor in the absence of proof that each of the defendants so charged acted with malice, and that under the circumstances of this case the following instruction was erroneous: ''In this case in addition to his plea for actual damages plaintiff is also praying for punitive damages. Punitive damages can only be allowed where it appears from the evidence that the defendant has been guilty of oppression, fraud or malice. The word 'malice' imports a wish to vex, annoy or injure another person, or an intent to do a wrongful act. If you find that either defendant or both defendants committed an assault and battery upon the plaintiff and that in so doing such defendant or defendants acted with malice, you may in your discretion, although you need not do so, assess against such defendant or defendants in addition to plaintiff's actual damages, an amount of punitive damages for the sake of example and by way of punishing

such defendant or defendants. Punitive damages, if allowed against both defendants, should be assessed against them separately." The eighth count alleged malice against each appellant. Exemplary damages may only be awarded against such of them proven to have acted maliciously.

■ Malice in fact is not presumed but may be proved either by direct evidence of declarations or by inferences drawn from acts and conduct. (*Davis* v. *Hearst,* 160 Cal. 143 [116 P. 530].) ■ In the Davis case, at pages 169-170, the court said: "There is nothing in our system to prevent the award of compensatory damages against all joint tort-feasors who are found culpable, and to add a specific sum or sums, by way of punitive damages, against such of the tort-feasors as the jury shall find to have been actuated by malice in fact. Not only is this permissible, but tends to simplicity and avoids the multiplicity of actions which otherwise would become necessary." (*Thomson* v. *Catalina,* 205 Cal. 402 [271 P. 198, 62 A.L.R. 236] ; *Evans* v. *Gibson,* 220 Cal. 476 [31 P.2d 389].) The Davis case is a much later case and presents a sounder rule than *Nightingale* v. *Scannell,* 18 Cal. 315, cited by appellant, which contains some language indicating that damages must be estimated according to the guilt of the least culpable.

■ Appellant argues that the above quoted instruction was prejudicial, upon the theory that the mere doing of the act by O. S. Chinn proved malice as a matter of law. If such an interpretation could be placed upon the wording of the instruction it was cured by the latter portion thereof reading: "If you find that either defendant or both defendants committed an assault and battery upon the plaintiff and that in so doing such defendant or defendants acted with malice, you may in your discretion, although you need not do so, assess against such defendant or defendants in addition to plaintiff's actual damages, an amount of punitive damages for the sake of example and by way of punishing such defendant or defendants." (*Hardy* v. *Schirmer,* 163 Cal. 272 [124 P. 993].)

■ It is further contended that the dismissal entered as to the two fictitious defendants operated as a dismissal of the appellants. The record does not disclose that the fictitious parties were served; hence no persons, so far as the judgment rendered is concerned, participated in the tort other than the parties who were served, and who consequently were the only ones as to whom an issue of fact or law was raised.

It does not appear that the injured party received satisfaction from the fictitious defendants either by payment or agreement to pay. For this reason *Bogardus* v. *O'Dea,* 105 Cal.App. 189 [287 P. 149] is not in point. (*Chetwood* v. *California Nat. Bank,* 113 Cal. 414 [45 P. 704]; *Lewis* v. *Johnson,* 12 Cal.2d 558 [86 P.2d 99]; *Burke* v. *W. R. Chamberlin & Co.,* 51 Cal.App.2d 419 [125 P.2d 120].)

The return of O. S. Chinn to the scene of combat, and his actions as heretofore related, are sufficient to justify a jury in reaching the conclusion that he was guilty of malice as a matter of fact. On appeal the rule is that all intendments are in favor of the verdict and judgment.

The evidence shows that O. S. Chinn was the owner of several parcels of real property, on one of which was conducted a grocery store and market; on another of which was a building subdivided into cabins or apartments. Evidence was also admitted relative to the ownership of property by Jack Chinn. There is substantial evidence of malice on the part of O. S. Chinn. The claim that the jury was unconsciously influenced to increase the amount of damages against O. S. Chinn is highly conjectural. The objection is also urged that the trial court did not specifically instruct the jury that evidence of ownership of property should be considered only in assessing exemplary damages. Our attention has not been called to any such requested instruction.

The judgment is affirmed.

Peters, P. J., and Goodell, J. pro tem., concurred.