**Preston HUCKEBY, Petitioner-Plaintiff,**

v.

**Benton F. SPANGLER et al., Respondents-Defendants.**

Supreme Court of Tennessee.

March 20, 1978.

James W. Gentry, Jr., Michael W. Boehm, Gentry & Boehm, Chattanooga, for petitioner-plaintiff.

John C. Curtis, Shattuck & Durby, Brown, Brown & Griffith, Chattanooga, for respondents-defendants.

## OPINION

HARBISON, Justice.

Petitioner, a member of the Tennessee Bureau of Criminal Identification, filed this suit for personal injuries sustained while he was engaged in a raid upon a gambling establishment near Chattanooga. Respondents are ten of the defendants to the action. A number of other persons were originally sued. Of these, some were never served with process, and they were dismissed. Five defendants failed to appear after service of process, and default judgment was taken against them. After a jury trial lasting several days, another defendant was acquitted. The jury awarded petitioner $30,000 compensatory damages against the ten respondents and the five defaulted defendants. In addition punitive damages in the amount of $60,000 were awarded against the defendants in default. On post-trial motion, however, the trial judge concluded that where several defendants are joined in a single action and are sued for punitive damages, the punitive award must be given against all or none of the defendants. Accordingly, he assessed the punitive damages against respondents, jointly and severally, as well as against the five defaulted defendants.

On appeal the Court of Appeals set aside the punitive award against respondents, holding that the jury acted within its prerogative in awarding exemplary damages against some defendants and not against others. It also reversed the verdict for compensatory damages against respondents, sustaining an assignment of error on jury instructions, and remanded the case for a new trial.

This Court granted certiorari to consider both the propriety of the jury instructions and the question of apportionment of punitive damages. We have concluded that there was no reversible error committed in the instructions given. Accordingly we reinstate the award of compensatory damages against the respondents but affirm the action of the Court of Appeals in setting aside the punitive award.

In a previous appeal of this case, the Court discussed the sufficiency of the allegations of the complaint and certain legal principles involving the joint liability of persons engaged in an unlawful activity. *Huckeby v. Spangler*, 521 S.W.2d 568 (Tenn. 1975). We do not deem it necessary to reiterate all of the facts or to discuss further the authorities cited in that opinion.

■ The trial record reveals many disputed issues of fact. There was, however, material evidence from which the jury could have found that the respondents knowingly and deliberately engaged in unlawful gambling at a place where that activity was being openly conducted. There was evidence that an employee of the operators, Gus Richie, one of the persons against whom default judgment was taken, shot and injured petitioner as he and other police officers attempted to enter the premises in the discharge of their official duties and in possession of a lawful search warrant. Petitioner sustained serious personal injuries, and as the case comes before this Court there is no issue as to the amount of compensatory damages awarded to him.

The Court of Appeals held that the trial judge should have charged the jury on intervening cause and foreseeability as absolute defenses, inasmuch as the respondents are shown by the proof merely to be patrons of the establishment and not owners or operators.

In this regard, we are of the opinion that the Court of Appeals was in error. The instructions given by the trial court were consistent with the previous opinion of this Court. Respondents were engaged in an unlawful enterprise with the owners and operators of the establishment. They all engaged in an illegal activity, with the result that each respondent, even though a patron, is jointly and severally liable for the act of Richie in shooting petitioner, despite the fact that such conduct may not have been known or reasonably foreseeable prior to its occurrence. The jury verdict for compensatory damages against the respondents accordingly is reinstated.

A different question is presented with respect to the issue of punitive damages, and this appears to be an issue which has not been treated in depth in the case law of this state. There are many different and conflicting rules in the various jurisdictions of the United States as to whether, in an action for punitive damages, judgment must be imposed against all of the defendants, or whether the jury may exonerate some of them while making an award against others.[1] For general references and discussions of the rules followed in various jurisdictions, see 25 C.J.S. *Damages* §§ 125(2) et seq. (1966); 22 Am.Jur.2d Damages § 262 (1965); Annot., 20 A.L.R.3d 666 (1968); Note, *Apportionment of Punitive Damages*, 38 Va.L.Rev. 71 (1952).

Several jurisdictions follow the rule applied by the trial judge in the present case, that punitive damages may not be apportioned among several defendants either by awarding different amounts of damages or by awarding damages against some of the defendants and not others. Under this

---

1. A related question, not presented in the instant case, is whether the jury may assess different amounts against the defendants according to their relative culpability, or whether there must be an award of a single amount.

rule, if the evidence justifies recovery of exemplary damages against some of the joint tortfeasors, but not others, plaintiff is not allowed recovery from any of the persons sued jointly in a single action. This view adopts for punitive damages the settled rule that compensatory awards against tortfeasors are indivisible and not subject to apportionment. Obviously it could lead to multiplicity of suits, in that a plaintiff might file several suits against different parties rather than risk loss of punitive damages entirely, if he should not prevail against all defendants to a single action.

One of the leading cases in which a statement of this rule is found, although in dictum, is *Washington Gas Light Co. v. Lansden*, 172 U.S. 534, 19 S.Ct. 296, 43 L.Ed. 543 (1899). The actual holding in that case was that it was improper in a tort action against several defendants for the plaintiff to introduce evidence of the wealth of one of the defendants as a basis for awarding punitive damages against others. In its opinion the Court indicated that the verdict must be "for one sum against all defendants who are guilty . . .", and that "when a plaintiff voluntarily joins several parties as defendants, he must be held thereby to waive any right to recover punitive damages against all, founded upon the evidence of the ability of one of the several defendants to pay them." 172 U.S. at 553, 19 S.Ct. at 303.

The United States Court of Appeals for the Sixth Circuit followed this holding in a case arising from Tennessee, *Cunningham v. Underwood*, 116 F. 803 (6th Cir. 1902), in which a plaintiff sued two defendants for libel and was awarded compensatory damages against both. In addition, a verdict for punitive damages was rendered against one of the defendants. The Court held that there could be no apportionment of punitive damages, and that a single verdict for a single sum was required. The Tennessee cases which were cited for this proposition, however, had to do only with compensatory awards, and did not involve punitive or exemplary damages.

In the recent case of *Odom v. Gray*, 508 S.W.2d 526 (Tenn.1974), this Court, adopting an opinion of the Court of Appeals, declined to follow the *Washington Gas Light Co.* case, *supra*, and took the opposite view on the evidentiary question decided therein. The Court expressly held that in an action against more than one defendant, in which punitive damages are claimed against all, it is permissible for the plaintiff to introduce evidence of the net worth or assets of one of the several defendants, and that a jury verdict based thereon is proper.

Also, earlier cases from this state have held that it is not mandatory for the jury to award punitive damages against all of the defendants joined. In the case of *Price v. Clapp*, 119 Tenn. 425, 105 S.W. 864 (1907), plaintiff brought a libel action against a married woman and joined her husband as a defendant as was then required under rules of practice and procedure. The Court stated that if the liability of the husband was shown to be technical or vicarious only, and he was not a participant in the actual tort committed by the wife, he should be held liable only for compensatory damages, and that it would be proper for him to be exonerated from punitive damages, even if they were imposed upon his wife. The Court said:

> "This would, of course, not preclude a judgment against the wife herself of punitive damages, and there could be no objection to having the verdict show how much was assessed on this head." 119 Tenn. at 434–435, 105 S.W. at 867.[2]

As pointed out by the Court of Appeals in the instant case, punitive damages are not recoverable as a matter of right, but rest within the sound discretion of the trier of fact. *Booth v. Kirk*, 53 Tenn.App. 139, 381 S.W.2d 312 (1963); *McDonald v. Stone*, 45 Tenn.App. 172, 321 S.W.2d 845 (1958).

In this state, the theory of punitive damages is not to compensate an injured plaintiff for personal injury or property damage, but to punish a defendant, to deter

---

2. *Accord: Beasley v. Hills*, 1 Tenn.Civ.App. 285 (Higgins, 1910).

him from committing acts of a similar nature, and to make a public example of him. *See Inland Container Corp. v. March*, 529 S.W.2d 43 (Tenn.1975); *Liberty Mutual Ins. Co. v. Stevenson*, 212 Tenn. 178, 368 S.W.2d 760 (1963); *Knoxville Traction Co. v. Lane*, 103 Tenn. 376, 53 S.W. 557 (1899).

While there is some apparent discrepancy in earlier cases as to whether an employer is automatically answerable in punitive damages for the tort of his servant,[3] the general tenor of later cases seems to be that the principal may be held liable, but that such liability is not legally mandatory. In the case of *Knoxville Traction Co. v. Lane*, 103 Tenn. 376, 53 S.W. 557 (1899), the Court held that a common carrier could be held liable for both compensatory and punitive damages for the deliberate or gross misconduct of its servant.[4] That case, however, was disposed of upon demurrer, and the Court simply was dealing with the legal sufficiency of the pleadings. In the case of *State v. Hartford Accident & Indemnity Co.*, 44 Tenn.App. 405, 314 S.W.2d 161 (1958), there was a jury verdict for both compensatory and punitive damages against the servant and the principal. Affirming, the Court stated:

"... it is well settled in this state that where a principal is found to be liable for a wrongful act of his agent, 'done with a bad motive and a disregard of social obligations', the principal *may be held* for exemplary or punitive damages as well as the agent." 44 Tenn.App. at 410, 314 S.W.2d at 163. (emphasis supplied).

In the earlier case of *Pratt v. Duck*, 28 Tenn.App. 502, 191 S.W.2d 562 (1945), there had been an award of both compensatory and punitive damages against a servant, but the jury awarded compensatory damages only against the master or principal. Although the propriety of this action was not explicitly discussed in the opinion, and the case turned on other issues, there appeared to be no question of the legal authority of the jury to return a verdict in that form.

A large number of states have adopted the rule that punitive damages may be apportioned either by awarding varying amounts of damages or awarding damages against some of the defendants but not others.[5] Courts adopting this position have emphasized the penal and deterrent nature of exemplary damages and the avoidance of multiple actions which might be necessary under a different rule.

As stated by the Maryland Court of Appeals:

"Those jurisdictions favoring apportionment seem to rely on the reasonable view that a jury should be permitted to vary the damages depending upon the degree of culpability since punitive or exemplary damages are not compensation for injury; instead they are private fines levied by civil juries to punish reprehensible conduct and to deter its future occurrence." *Cheek v. J.B.G. Properties, Inc.*, 28 Md.App. 29, 43, 344 A.2d 180, 190 (1975).

---

3. *Compare Nashville and Chattanooga R.R. v. Starnes*, 56 Tenn. 52 (1871) (master not liable without participation or ratification), *with L & N R.R. v. Garrett*, 76 Tenn. 438 (1881) (master liable for act done by servant in line of duty) *and Springer Transp. Co. v. Smith*, 84 Tenn. 498, 1 S.W. 280 (1866) (same).

4. *Accord: Memphis St. Ry. v. Stratton*, 131 Tenn. 620, 176 S.W. 105 (1915) (jury verdict).

5. *See, e. g., Davidson v. Dixon*, 386 F.Supp. 482 (D.Del.1974); *Kim v. Chinn*, 56 Cal.App.2d 857, 133 P.2d 677 (1943); *L & N R.R. v. Roth*, 130 Ky. 759, 114 S.W. 264 (1908); *Cheek v. J.B.G. Properties, Inc.*, 28 Md.App. 29, 344 A.2d 180 (1975); *Nelson v. Halvorson*, 117 Minn. 255, 135 N.W. 818 (1912); *State ex rel. Hall v. Cook*, 400 S.W.2d 39 (Mo.1966); *Bowman v. Lewis*, 110 Mont. 435, 102 P.2d 1 (1940); *Edquest v. Tripp & Dragstedt Co.*, 93 Mont. 446, 19 P.2d 637 (1933) (dictum); *Hotel Riviera, Inc. v. Short*, 80 Nev. 505, 396 P.2d 855 (1964); *Sierra Blanca Sales Co. v. Newco Industries, Inc.*, 88 N.M. 472, 542 P.2d 52 (1975); *Latasa v. Aron*, 59 Misc. 26, 109 N.Y.S. 744 (1908); *McCurdy v. Hughes*, 63 N.D. 435, 248 N.W. 512 (1933); *Mauk v. Brundage*, 68 Ohio St. 89, 67 N.E. 152 (1903); *Fredeen v. Stride*, 269 Or. 369, 525 P.2d 166 (1974); *Fredericks v. Commercial Credit Co.*, 145 S.C. 380, 143 S.E. 179 (1928); *St. Louis & S.W. Ry. v. Thompson*, 102 Tex. 89, 113 S.W. 144 (1908); *Freeman v. Sproles*, 204 Va. 353, 131 S.E.2d 410 (1963) (dictum).

If there is no rule of substantive law prohibiting apportionment of punitive damages, then clearly Rule 20.01 of the Tennessee Rules of Civil Procedure would authorize such a verdict procedurally. The rule states:

" . . . All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities."

In some jurisdictions, punitive damages are not assessed and reported separately but are included in the total reported by the jury. Tennessee practice, however, has generally been to require separate itemization and reporting of punitive damages, distinct from compensatory awards.

■ Upon consideration, we are of the opinion that the rule permitting apportionment of punitive damages represents the better view of the subject, both from the standpoint of substantive law and of trial procedure, and that this rule is more consistent with the theory of punitive damages than is that requiring recovery against all or none of the persons sued.

Of course, the view has frequently been expressed that punitive damages are anachronistic and inconsistent with modern tort theory of reparation to an injured plaintiff. See *Dougherty v. Shown*, 48 Tenn. 302, 306 (1870); *Klein v. Elliott*, 59 Tenn.App. 1, 35, 436 S.W.2d 867, 882–83 (1968); W. Prosser, *Law of Torts* 11 (4th ed. 1971); W. Prosser and J. Wade, *Cases and Materials on Torts* 1076 (5th ed. 1971); Morris, *Punitive Damages in Tort Cases*, 44 Harv.L.Rev. 1173 (1931); Note, *Exemplary Damages in the Law of Torts*, 70 Harv.L. Rev. 517 (1957).

Nevertheless, as long as recovery of such damages is permitted as a part of the jurisprudence of this state, we are of the view that the trier of fact should have discretion to exonerate some of the defendants while imposing judgment upon others. Of course, there must be some factual basis for the exercise of this discretion, and the verdict must have evidentiary support in the trial record.

■ In the present case, the proof showed that all of the appealing defendants were patrons in the gambling establishment. None of them was an owner, operator or employee, and none was shown to have any financial interest in the conduct of the enterprise. None participated in the incident when petitioner was injured; all were in another part of the building. Under these circumstances, we are of the opinion that the jury, in its discretion, was justified in exonerating respondents from punitive damages, as by their verdict they clearly intended to do. As to those defendants against whom punitive damages were awarded, one was Richie, who actually fired the shot which injured plaintiff. The exact status of the other four is somewhat unclear in the record, the preponderance of the evidence indicating that they were patrons like respondents. As we have previously pointed out, however, they permitted default judgment to be entered against them, and ultimately there was a directed verdict against them as to both compensatory and punitive damages. Since they did not appear and defend the action, there is no issue on appeal as to the propriety of the punitive award against any of the defaulted defendants.

The judgment of the Court of Appeals is affirmed insofar as it set aside the punitive award against respondents. It is reversed and the jury verdict against the respondents for compensatory damages is reinstated. Costs incident to the appeal will be taxed one-half to petitioner and one-half to respondents; costs accrued in the trial court will remain as taxed there. The cause is

remanded to the trial court for enforcement of the judgment.

HENRY, C. J., and COOPER, FONES and BROCK, JJ., concur.