R. R. SPRINGER TRANSPORTATION COMPANY v. CALVIN SMITH.

1. APPEAL. *New trial. Affidavits.* Affidavits submitted to the court below in partial support of a motion for a new trial, but which are not properly authenticated in the record transmitted to the appellate court, must be disregarded by the latter.

2. SAME. *Verdict. Evidence.* When the record discloses any competent evidence tending to support a general verdict, that verdict will not be disturbed on appeal.

3. DAMAGES. *Pleading. Contract of carriage. Assault.* Where a declaration is framed in two counts, one on a contract for common carriage, and the other for personal assault, a recovery on the first count entitles the plaintiff to actual damages only.

4. SAME. *Exemplary. Torts.* Exemplary damages are only recoverable in actions for tort, and where the transaction involves fraud, malice, oppression or gross negligence.

5. CARRIER OF PASSENGERS. *Negligence. Liability for.* The common carrier of passengers for hire, is liable for all injuries resulting from the misconduct of the carrier or his employe.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

H. C. WARINNER for Transportation Company.

L. W. HUMES and A. H. DOUGLASS for Smith.

DEADERICK, C. J., delivered the opinion of the court.

Smith recovered a judgment, upon the verdict of a jury, in the circuit court of Shelby county, for $1,250,

Springer Transportation Company *v.* Smith.

damages for personal injuries by the agent or officer of the company. Smith took deck passage on defendant's boat at New Orleans for Memphis. On the trip, the mate of the boat charged with the duty to supervise the freight, found Smith and some others of the deck hands on bales of moss and ordered them off, and, according to plaintiff's testimony, they jumped off, and he was resting with his elbow upon the moss when the mate kicked him in the mouth, knocking out two of his teeth and bruising his lips. The plaintiff's testimony was corroborated by two or three other witnesses who were present. The mate testified that there was sugar in the deck-room which had been broken into several times; and having been informed that the sugar was again exposed, he went to the deck-room and found three men upon the sugar; he ordered them down and told them to stay off the freight altogether; that some thief had been breaking into the sugar; he got upon the moss; the men got down and plaintiff turned toward him, pulled out a cotton hook, a dangerous weapon, and approached him in a threatening manner, and he kicked him. This version of the affair was corroborated by another witness.

The court charged, in effect, that if the theory of defendant was true, they should acquit. The court also charged, that where the relation of passenger and carrier exists, it is the duty of the carrier to protect the passenger from injuries and wrongs, committed either by its own employes and officers, or by third persons. The court also charged that it was the duty of the passenger to conduct himself peacefully

and quietly, and not to damage the freight, and the mate and officers have the right to use all needful means for its protection. There are two counts in the declaration, one upon the contract to carry, the other for violence by its company's servant in performing service in the line of his duty. The pleas are not guilty, non-assumpsit, performance of contract, that plaintiff first assaulted the mate, etc.

The Referees recommend the affirmance of the judgment, and defendant excepted. The first exception is, that the Referees erred in holding that "a verdict will not be disturbed where there is *any* evidence to sustain it," as being too broad. The Referees do use the language quoted, but they further say there is sufficient evidence to sustain the verdict, and refuse, for this reason, to disturb the verdict. We think the record sustains their action. The second exception is, that the mate's visit to the deck-room was to remove the deck passengers from the freight there, and this was accomplished before any assault was made by the mate. And it is insisted that the injury was not inflicted in the removal of the plaintiff from the freight, and therefore not in the performance of his duty as servant, and the defendant can not be held for exemplary damages. The court had charged that upon the contract count plaintiff could not recover exemplary damages, but that the jury might, under the second count, if they found that the mate of the defendant, while having charge of the vessel, committed an assault upon plaintiff, a passenger, not in his own defense, and that the blow which injured the plaintiff

was inflicted with malice, willfulness, etc., give exemplary damages. The argument is, that the act complained of was not within the scope of the servant's employment; that it was not done in the execution or furtherance of the removal of plaintiff from the freight. But the court charged the jury, and we think properly, that if the mate, while in charge of the vessel, committed an unwarrantable assault upon the plaintiff, a passenger, plaintiff might recover. This principle is declared in Thompson's Law of Carriers, 352, and in the case therein reported of *Pendleton* v. *Kinsley*, reported in 3 Cliff., 416.

In the opinion of Justice Clifford, of the Supreme Court of the United States, sitting in United States Circuit Court, Rhode Island District, it is said, the principles of law applicable to the relations of master and servant do not fully define the rights, duties and obligations between carriers and their passengers. The carrier agrees to carry for hire, the passenger, from one place to another, and is responsible for any breach of the obligation he assumed in the ill-treatment of the passenger, by himself or employes. And in the case cited, it was held that a clerk of a steamer, on one of her regular trips, getting into a dispute with one of the passengers and inflicting personal injuries upon him, the owner was liable, and this would be so irrespective of the dispute, and as if none had arisen, although defendant did not authorize the acts of his employe.

Exemplary damages in actions for torts are given where fraud, malice, gross negligence or oppression

intervenes: Sedg. on Dam., 35. And where the liability of the principal arises from the acts of agents, employes or officers, the law is well settled in Tennessee; the rule prevails in respect to exemplary damages: 7 Bax., 240; 8 Lea, 438; 11 Lea, 98. See also Sedgwick on Damages, note on page 570–1, 6 edition. This second exception is not well taken, and will be overruled. The third exception is, that the Referees erred in reporting that the affidavits for new trial were not made part of the record, and were insufficient. The affidavits are mentioned in the record as being made parts of the record. But there is nothing to identify the affidavits transcribed and appended to the end of the record as those used upon the motion for new trial. And we do not think they disclose anything entitling defendant to a new trial. What Humes, the adverse counsel, said about the admissibility of testimony, could not excuse defendant from introducing all proper evidence on the trial. He should have consulted his own counsel. Much of the testimony offered by the affidavits is cumulative, and other parts not of material importance.

The fourth exception as to error in the charge of the court, has already been disposed of. The fifth and last, that the verdict is excessive, we do not think is sustained by the record. The jury might have rendered a different verdict upon the conflicting evidence. But there was certainly abundant evidence to sustain the verdict rendered.

The exceptions to the report will be disallowed, and the judgment will be affirmed.