GENEVA IVY *v.* JOHN OSBORNE *et al.*[*]

(*Knoxville.* September Term, 1925.)

1. **SHERIFFS AND CONSTABLES.** Rule of liability of sheriff for acts of deputy stated.

Sheriff's liability for the acts of his deputy is not controlled by statute, but is grounded on the common law, and for deputy's failure to properly perform an official act, deemed the act of his principal, the sheriff and his bondsmen are directly liable to the person aggrieved, but for wrongs done while acting beyond the scope of his authority the deputy alone is liable as a personal wrongdoer. (*Post, pp.* 472, 473.)

Cases cited and approved: Rose v. Lane, 22 Tenn., 218; Miles v. Wright, 12 A. L. R., 980; Murrell v. Smith, 3 Dana (Ky.), 463.

2. **SHERIFFS AND CONSTABLES.** Sheriff liable for act of deputy in serving or executing process, or in exercising statutory right to arrest without warrant.

That a deputy's act may make the sheriff liable, it must be done in an attempt to serve or execute a process, or under a statute giving him the right to arrest without a warrant. (*Post, p.* 473.)

3. **SHERIFFS AND CONSTABLES.** Sheriff and bondsmen, and not sureties of deputy, are directly liable to persons aggrieved by official wrongs of deputy.

The bond of a deputy being conditioned on faithful discharge of official duty, payable to the sheriff, and for his protection, the sheriff and his bondsmen, and not the sureties on the bond of a deputy,

---

Liability of sheriff, marshall, or constable for his deputy's tort in making arrest, see notes in 12 L. R. A. (N. S.) 1019; L. R. A. 1915E, 172;

Liability of public officer or his band for the defaults or misfeasances of his clerks, assistants or deputies, see notes in 1 A. L. R. 222; 12 A. L. R. 980.

Ivy v. Osborne.

are directly liable to persons aggrieved by the official wrongs of the deputy. (*Post, pp.* 473, 474.)

Cases cited and approved: Robertson v. Lessan, 47 Tenn., 159; Rose v. Lane, 22 Tenn., 218; State v. Slagle, 115 Tenn., 339; Christian v. Hoover, 14 Tenn., 505.

4. **SHERIFFS AND CONSTABLES.** Sheriff's bondsmen not liable for unlawful arrest by him.

The bondsmen of the sheriff are not liable for an unlawful arrest by the sheriff, since under Shannon's Code, section 443, they are only answerable for faithful performance of official duty. (*Post, pp.* 474, 475.)

Cases cited and approved: McLendon v. State, 92 Tenn., 520; Turner v. Collier, 51 Tenn., 89; Jones v. Van Bever, 164 Ky., 80; Brown v. Wallis, 100 Tex., 546; State v. Kolb, 201 Ala., 439.

5. **SHERIFFS AND CONSTABLES.** Sheriff held liable for unauthorized arrest by deputy acting within scope of authority.

Where a deputy sheriff made an unlawful arrest for an alleged offense committed beyond his view, but acting within the scope and line of his authority, both he and his principal, the sheriff, were liable. (*Post, p.* 475.)

---

*Headnotes 1. Sheriffs, 35 Cyc., pp. 1613, 1619 Anno, 1620, 1906; 2. Sheriffs, 35 Cyc., p. 1618; 3. Sheriffs, 35 Cyc., p. 1906; 4. Sheriffs, 35 Cyc., p. 1941; 5. Sheriffs, 35 Cyc., p. 1624.

---

FROM KNOX.

---

APPEAL from the Circuit Court of Knox County.—HON. A. C. GRIMM, Judge.

NEAL B. SPAHR, for Geneva Ivy.

JOHNSON & COX, for Osborne and others.

MR. JUSTICE COOK delivered the opinion of the Court.

This is an action against the sheriff and sureties on his bond and the deputy sheriff and sureties on his bond for the tortious act of the deputy.

It is charged that John Osborne, deputy sheriff, acting in his official capacity, without a warrant, unlawfully arrested plaintiff, who had committed no offense, stating that he had received a call requesting him to arrest the occupants of the car in which plaintiff was riding for disorderly conduct; that despite assurances of innocence and protest against the arrest Osborne arrested plaintiff and others who were with her in the automobile, carried them before a justice of the peace, and upon plaintiff's refusal to pay a sum of money she was committed to jail; that while making the arrest and after she was in custody the deputy mistreated her, by cursing and the application of vile epithets; that a day after the commitment she was released on bond, and after continuance of the case from time to time it was subsequently dismissed for failure of the deputy to appear and prosecute.

All the defendants demurred to the declaration, except Osborne. The sheriff demurred, because the declaration disclosed a tortious act of the deputy done without color of authority; the sureties, upon the same ground, and in addition that the penalty of the bonds of the sheriff and the deputy limited their obligation to liability flowing from official misconduct, and that they are not liable for the personal wrong of either the sheriff or his deputy.

It appears from the declaration that the deputy sheriff arrested plaintiff without authority. He had no warrant, and no offense was committed in his presence. The liability of the sheriff, for the acts of the deputy, is not

controlled by any statute of this State, but is grounded upon the common law. For failure of the deputy to properly perform an official act, deemed the act of the principal, the sheriff and his bondsmen would be directly liable to the person aggrieved. *Rose* v. *Lane,* 3 Humph., 218. But for wrongs done while acting beyond the scope of his authority, the deputy alone is liable as a personal wrongdoer. *Miles* v. *Wright*, 12 A. L. R., 980, note 2; *Murrell* v. *Smith,* 3 Dana (Ky.), 463; 35 Cyc., 1613.

Some authorities declare a sheriff liable for all official misconduct of his deputy, and also for acts not required of him by law, where the deputy assumes to act under color of office, and hold that such acts may include wrongs and trespasses done under color of office. Other authorities take the view that, in order to carry the liability to the principal, the act of the deputy must be by virtue of the office, and interpreting this rule it is held that, in order for the deputy's act to have that character, it must be done in an attempt to serve or execute a process, or under a statute giving him the right to arrest without a warrant, and if he acts otherwise he is doing so as an individual. 24 R. C. L., pp. 281, 282, par. 75. The Tennessee courts follow the rule last stated, upon the reasoning that the deputy acts in lieu of the sheriff and in his name, and representing the sheriff officially, and not as an agent, the authority of the deputy is limited to official acts.

The bond of the deputy is conditioned upon the faithful discharge of official duty. It is a private bond, payable to the sheriff, and for his protection against liability for the official misconduct of the deputy. The sheriff and his bondsmen, not the sureties on the bond of the

deputy, are directly liable to persons aggrieved by the official wrongs of the deputy. *Robertson* v. *Lessan,* 7 Cold., 159; *Rose* v. *Lane,* 3 Humph., 218; *State* v. *Slagle.* 115 Tenn., 339, 89 S. W., 326.

The plaintiff could not recover from the sureties on the bond of the deputy, even for his official misconduct, because the action lies alone against the sheriff and his bondsmen. *Christian* v. *Hoover,* 6 Yerg., 505; 35 Cyc., 1613.

If, in this case, the sheriff, instead of the deputy, had made the unlawful arrest as declared, the bondsmen of the sheriff would not be liable; for under section 443 of Shannon's Code the bondsmen are only answerable for the faithful performance of official duty. They do not assure against the personal wrongs of the sheriff. *McLendon* v. *State,* 92 Tenn., 520, 22 S. W., 200, 21 L. R. A. 738; *Turner* v. *Collier,* 4 Heisk., 89; *Jones* v. *Van Bever,* 164 Ky., 80, 174 S. W., 795, L. R. A., 1915E, 177.

It would follow that the sureties on the sheriff's bond are not liable for the tort of the deputy, who as the other self of the sheriff exercises office in his right.

The arrest of plaintiff without a warrant for an alleged offense beyond view was without color of authority. It was a personal wrong of the deputy, for which he alone would be liable, unless his act should fall within the exception to the general rule hereafter stated, for ordinarily the sheriff is not liable for the unauthorized arrest by the deputy. 24 R. C. L., 982; 35 Cyc., 1624; *Brown* v. *Wallis,* 100 Tex., 546, 101 S. W., 1070, 12 L. R. A. (N. S.), 1019.

The action lies only against the deputy, not in his capacity as an officer, but as a personal wrongdoer. The

rule absolving public officers from liability to third persons for the extra-official acts of their deputies rests upon obvious considerations of public policy, and the perplexities and embarrassment that would spring from a contrary rule. *State* v. *Kolb,* 201 Ala., 439, 78 So., 817, 1 A. L. R., 218-222, note 1. But this general rule is subject to the exception that the superior, clothed with the power of appointment and dismissal, will be liable for the wrongs of the deputy, done under pretense of official authority, when it appears that the principal willfully employed or retained in office an unfit and improper person, or where he directed, authorized, or co-operated in the wrongful act of the deputy. Throop on Public Officers, section 592.

The declaration was amended so as to charge that: "At the time of said arrest and imprisonment the said John Osborne was acting within the scope and within the line of his authority, and his action in so doing was known to the said Joseph J. Saylor, and was ratified and approved by him."

This statement of the declaration brings the case within the exception of the general rule. The judgment of the trial court, sustaining the demurrer of the several bondsmen, is affirmed, but reversed and remanded as to the sheriff, who would be jointly liable with the defendant Osborne, if it appear that he authorized Osborne's act, or had knowledge of the fact, and by his general course of conduct approved it.