STATE *ex rel.* BLANCHARD *v.* FISHER, Sheriff, *et al.*

(*Knoxville,* September Term, 1951.)

Opinion filed December 14, 1951.

CHARLES H. DAVIS, of Knoxville, for plaintiff in error.

CRAWFORD & HURD, of Newport, for defendants in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This is an action against the sheriff of Cocke County and the surety on his official bond to recover damages for alleged malfeasance of a deputy of the sheriff. From the judgment dismissing the action, following a ruling sustaining a demurrer to the declaration, the plaintiff has appealed. The declaration avers the appointment of

Glen Blanchard as the administrator of the deceased, Jack Blanchard. It is further alleged in the declaration that on the 15th of June, 1950, the intestate "was engaged in the making of whiskey in violation of law at or near a still-site on Nettie's Mountain, *   *   * in Cocke County, Tennessee", when the intestate observed certain deputy sheriffs and a constable "slipping up on said still-site through the brush"; that the deputy sheriffs "were duly qualified and acting deputy sheriffs of Cocke County, Tennessee, serving under and by appointment of the defendant, Sheriff Charles Fisher"; and that as a result of seeing these deputy sheriffs, the intestate "was frightened by the possibility that he would be arrested and charged with the unlawful operation of said still, a misdemeanor, under the laws of the State of Tennessee, and therefore said intestate began to run in an effort to escape from said still-site and from arrest by the said officers on said criminal charge; that as the plaintiff's intestate started to run said deputy sheriff and said constable maliciously, unlawfully, wilfully, and wantonly opened fire with their pistols upon said intestate, the first said bullet fired striking the —— leg of said intestate, fracturing and breaking the bones therein and causing said intestate to fall head-long towards the ground; that as said intestate fell towards the ground, the said deputy sheriff and said constable fired a second pistol shot, said second bullet fired striking said intestate from the rear below the rectum and traveling a course through the vital organs of said intestate until it struck and penetrated through the heart of said intestate;" and that as a result of thus being shot Jack Blanchard was killed.

To this declaration the sheriff and his sureties demurred on the ground, (1) that the declaration does not state a cause of action; (2) that the declaration shows

that the matters complained of are "a personal wrong or tort of Deputy K. M. Boley", and (3) that the sureties are only bound for the "faithful performance of official duties" of the sheriff. As heretofore said the trial judge sustained this demurrer and dismissed the action as to the sheriff and his sureties.

The demurrer of the constable and his sureties was overruled and a nonsuit taken by the plaintiff as to them.

In this State the sheriff and the sureties on his bond are liable if the act of the deputy is done *by virtue of the office* which is interpreted as meaning that "in order for the deputy's act to have that character, it must be done in an attempt to serve or execute a process, or under a statute giving him the right to arrest without a warrant * * *." *Ivy* v. *Osborne*, 152 Tenn. 470, 279 S. W. 384.

According to the allegations of the declaration heretofore quoted the raid of these officers was being done "by virtue of the office" of the deputy sheriff and since the deputy sheriff saw the deceased fleeing from a still-site the deputy had a right to arrest the deceased without a warrant because there was a misdemeanor being committed in his presence. The fact that the deceased was around this still and started to run when he saw these parties indicated sufficiently to these deputy sheriffs that he was a participant in this unlawful act and gave them a right to arrest the deceased without a warrant for an alleged offense committed in view of the officers.

"The liability of the sheriff, for the acts of the deputy, is not controlled by any statute of this state, but is grounded upon the common law. For failure of the deputy to properly perform an official act, deemed the act of the principal, the sheriff and his bondsmen would

be directly liable to the person aggrieved." *Ivy* v. *Osborne,* supra.

This is the general rule. For collection and annotation of cases on the subject see 1 A. L. R. 236; 102 A. L. R. 182 and 116 A. L. R. 1070.

▉ As heretofore said the rule long ago adopted in this State is that when the unlawful act is done "by virtue of office" and not under color of office the sheriff is liable for the acts. The distinction between these terms is defined as: "Under color of office is defined as: A pretense of official right to do an act made by one who has no such right * * * and is distinguished from 'by virtue of office' implying lawful power". *Malone* v. *Howell,* 140 Fla. 693, 192 So. 224, 227.

In *State to Use of Johnston* v. *Cunningham,* 107 Miss. 140, 65 So. 115, 117, it is said: "There can be no question that a sheriff and the sureties on his official bond are liable in a civil action for damages arising from the intentional or negligent shooting of a misdemeanant who flees to avoid arrest. The officer owes to the fugitive the duty to exercise care and precaution not to injure him. He must not intentionally shoot a misdemeanant who is a fugitive, nor must he discharge a firearm while in pursuit, in such a manner as to cause such fugitive injury."

▉ It thus seems to us under the allegations of the declaration (which are all that we have) that the deputy fired his pistol wilfully and intentionally. This amounted to an act of malfeasance done in a lawful arrest, but done negligently, for which acts, if the facts establish them when the matter comes to trial, would entitle the plaintiff to recover damages for the death of his intestate. The acts of this officer, as alleged, amount to a positive

wrong. *Human* v. *Goodman,* 159 Tenn. 241, 18 S. W. (2d) 381.

For the reasons above assigned the judgment below must be reversed and the cause remanded for further proceedings.