Jones, Sheriff, *et al. v.* State, for Use of Coffey *et al.* and companion cases.

(*Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

THURMAN AILOR, of Knoxville, for plaintiffs-in-error.

JENNINGS, O'NEIL & JARVIS, of Knoxville, for defendants-in-error.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

In response to the petition to rehear we wish to assure the petitioner at the outset that the petition for certiorari was considered *"by the Court as a whole"*, and not as petitioner seems to think by a single member thereof.

In these seven cases, which were tried together by consent of counsel, the declarations were identical in lan-

guage which charged the Sheriff with wrongs allegedly committed by his Deputies, acting in an official capacity, and also "under color of office". The pertinent part of each of the declarations is as follows: "that the defendant, C. W. Jones, was the duly qualified and elected Sheriff of Knox County and was under bond in the total sum of $35,000.00 for the faithful performance of his duties as such officer"; his co-defendant was surety on his official bond; "that he appointed William H. Clift, Herbert Leon Bozeman and Earl R. Merritt each to the office of Deputy Sheriff"; each of whom executed an official bond to the Sheriff in the sum of $10,000 and took the oath prescribed by law.

It is further alleged that the named Deputies herein were assigned "the use of an official automobile and assigned to them the duty of patrolling the public highways of Knox County"; that on the night of September 23, 1950, the said Deputies while acting "as agents and representatives of the said C. W. Jones, Sheriff, by virtue and under color of their offices" pursued an automobile on and along certain highways in Knox County (naming them) in which plaintiff's son and other boys were riding for the purpose of arresting plaintiff's son and the boys with him, under the claim that they had committed a misdemeanor in the presence of said Deputies; that while pursuing the automobile the said Deputies "began sounding the siren on said car, flashing a spot-light on the car and opened fire with a pistol or pistols" on plaintiff's son; that one of the bullets thus fired hit the tire of the right rear wheel causing it to turn from the Millertown Pike and strike a tree with such force as to cause the death of plaintiff's son; that the Sheriff, C. W. Jones

"adopted, ratified and defended the actions of his said agents and deputies".

The charge in the declaration that the said Deputies acted as *"agents and representatives"* of the Sheriff by virtue and under "color of their office" is a sufficient averment that they were acting by *virtue* of being duly appointed Deputy Sheriffs rather than acting solely under "color of office".

To each of the declarations the defendants demurred upon the grounds, (1) that the wrong complained of was a personal wrong for which neither the Sheriff in his official capacity nor the surety on his official bond would be liable; (2) that the declaration does not allege that the Sheriff directed, authorized or cooperated in the alleged wrongful acts, and it is not shown that their said conduct was connected with the discharge of their official duties as Deputy Sheriffs; (3) it is not alleged that any offense was committed in the presence of said Deputies, or "that they were engaged in the discharge of any official duty at the time of the alleged tortious acts"; (4) that the said Deputies are not made parties to the suit. The demurrer was overruled, and defendants pleaded "not guilty".

The cases were tried to a jury and at the conclusion of the plaintiffs' evidence (the defendants introduced no proof) a motion was made for a directed verdict for defendants, which was overruled. The grounds of the motion were "there is no evidence upon which a verdict in favor of the defendants can be based, whereby, said defendants can escape liability." (Tr. p. 124). Following argument of the counsel and charge of the court the jury returned verdicts in favor of the several plaintiffs.

The defendants moved for a new trial and to sustain

the motion for a directed verdict: (1) the court erred in overruling defendants' demurrer especially the first, second, third and fourth grounds thereof; (2) there was no evidence upon which the jury could base a verdict for plaintiffs, and the court erred in denying defendants' motion for a directed verdict—that the declaration alleged that no offense had been committed justifying a lawful arrest; (3) the evidence preponderates against the verdict and in favor of the defendants.

The motion for a new trial was overruled and defendants appealed to the Court of Appeals in the nature of a writ of error. The three assignments of error raised the single question that the declarations failed to state any cause of action against C. W. Jones in his *official capacity* and the surety on his official bond. The assignments make the contention that the Deputies had no warrant for the arrest of plaintiff's son and his companions and it was not shown that the conduct of said Deputies was connected with the discharge of their official duties as such Deputy Sheriffs, or ''that they were engaged at the time in the discharge of any official act, or that they were attempting to make a lawful arrest''; the trial judge erred in not directing a verdict; the trial judge erred in not granting a new trial.

The Court of Appeals overruled the foregoing assignments, and they are renewed in a petition to this Court for the writ of certiorari. We think the assignments are argumentative of an issue of fact, i. e., that the Deputies' conduct was not in the discharge of their official duties.

The petitioners' counsel contends that the Court of Appeals was in error in overruling a long line of decisions by this Honorable Court, the last being an opinion by

Justice Burnett on December 14, 1951, in *State ex rel. Blanchard* v. *Fisher,* 193 Tenn. 147, 245 S. W. (2d) 179, 180. Contention is made that the lower courts erred in holding that liability in the case was governed by the statute rather than the common law. While the Court of Appeals' opinion discussed liability for tortious acts committed by Deputies " 'Under color of office' " it is not restricted alone to liability under the statute. Code Section 1833. This Court followed *Ivy* v. *Osborne,* 152 Tenn. 470, 279 S. W. 384, in the Fisher case and held that the liability of the Sheriff was governed by the common law and affirmed the judgment of the trial court, the evidence showing that the wrongs of the Deputies were committed while in the performance of their official duties.

Now the argument made by petitioner is that the wrong complained of was committed " 'Under the color of office' ", and not while acting officially and hence there is no liability. Whether or not the Sheriff's Deputies were acting *officially* or under the mere " 'color of office' " is a mixed question of law and fact. It cannot be doubted that acting "by virtue of his office", and acting " 'Under color of office' " are clearly distinguishable. Liability of the Sheriff would always attach when and if the wrong of the Deputy was committed by virtue of an official act, the Sheriff being held responsible under the doctrine of agency. Whereas, the Sheriff and his surety would be liable in certain cases where the Deputy was acting " 'Under color of office.' " Code Section 1833.

We do not deem it necessary to elaborate the distinction or discuss in detail the Court of Appeals' opinion on this point, since there is material evidence that the Sheriff's Deputies were discharging official

duties at the time the wrong complained of was committed. The Court of Appeals' final conclusion is correct upon the theory (1) that the said Deputies were acting officially, and *that the Sheriff ratified the wrongful act;* (2) the Sheriff assigned them an official car to patrol the highways of Knox County, and there is material evidence that they were so acting. While they did not have a warrant to arrest these boys there is material evidence that they were guilty of a misdemeanor in the presence of the Deputies, and no warrant was necessary. The declaration alleged that the arrest was being attempted for a misdemeanor committed in the presence of the Deputies. Moreover the contention that these Deputies were not acting in an official capacity is a statement by counsel and is not supported by any evidence.

In view of the argument made by able counsel for the defendants that the plaintiffs sought to recover under the statute rather than under the "common law" and that both of the lower courts erred in entering judgments based upon this theory, we have read and carefully considered the charge of the trial judge, as well as the record, and find that the plaintiffs insisted that the defendants were liable under the "common law" and also under the statute. Code Sections 690, 1833. The trial judge in his charge stated the theory of plaintiff in part as follows: that "they (Deputies) were acting in the discharge of their official duties by virtue of their appointment to said offices" and "under color of their offices" (Tr. p. 408); that they were pursuing the boys, the deceased and his companions, who were operating their car in violation of law *"in the presence* of said Deputies" (Tr. pp. 412-416).

The court instructed the jury both as to "acts done by virtue of office" and "acts done under color of

office'', making a clear-cut and accurate statement of the law as to when liability would attach as a proximate result of wrongful acts thus committed. He also instructed the jury as to the alleged ratification by the Sheriff of the alleged wrongful acts, to all of which there was no exception by counsel. Had the trial judge presented an erroneous theory of ''liability under the statute'' it was the defendants' duty to offer a special request to correct it, which was not done. At the conclusion of the court's charge, which had covered every possible issue in the case, he asked if defendants' counsel had any ''special requests'' to which he replied, ''No''. The counsel having failed to offer any request to correct what he now insists was an erroneous theory of liability, he is not permitted to assign it as error on appeal.

We are satisfied with the conclusions reached by the Court of Appeals, and the petition to rehear is denied.