STATE OF TENNESSEE ex rel. HAZEL COFFELT
v. HARTFORD ACCIDENT & INDEMNITY COM-
PANY et al. —314 S. W. (2d) 161.

Middle Section.   April 25, 1958.

Certiorari denied by Supreme Court June 6, 1958.

Dietzen, Graham & Dietzen, Chattanooga, for plaintiff.

A. A. Kelly, South Pittsburg, for defendant Hartford Acc. & Ind. Co.

Paul D. Kelly, Jr., Jasper, for defendant Johnny O. Matthews, sheriff.

FELTS, J. This is an action against the sheriff of Marion County and the surety upon his official bond for the wrongful act of his deputy in shooting and seriously wounding Thurman Coffelt, a minor. The suit was brought on relation of his mother, Hazel Coffelt, suing for compensatory and for punitive damages for his use and benefit in the first count and for her own use and benefit in the second count.

There was a verdict and judgment in favor of plaintiff against defendants for $500 compensatory and $500 punitive damages "for the use and benefit of Hazel Coffelt and Thurman Coffelt". Defendants appealed in error; and plaintiff Hazel Coffelt also appealed in error.

The sheriff insists that a verdict should have been directed for him because the act sued for was not an act done "by virtue of office" or under "color of office", but a personal act of the deputy himself, for which the sheriff is not liable; and both defendants contend that even if the sheriff be liable for any damages, such damages should be only compensatory and not punitive, because the bond sued on does not cover liability for punitive damages.

There was no material conflict in the evidence. The shooting occurred at about 10:30 p.m. September 28, 1956, in Marion County. That night Greely Smith and Ben Case, two of the sheriff's regular deputies from whom he had taken bonds for his protection, were on patrol duty as officers. At the "Bama Club" they received a com-

plaint that two young men, Delbert Goins and Thurman Coffelt, the latter then 20 years of age, had just caused a disturbance and were about to fight.

These officers then went to "Kelly's Place", where there was a crowd of young people and music and dancing. There, they saw Goins and Coffelt arguing, about to fight, and causing a disturbance. Officer Case told them they would have to be .quiet or "he would have to take them in", or would have to arrest them and take them to jail. Coffelt walked over and bought a coca cola, took a sip of it, walked back near to where Goins was standing, began arguing again, holding the bottle behind him as if he was going to hit Goins with it.

The officers then arrested Goins and Coffelt. Case started with Goins to the patrol car, followed by Smith who had hold of Coffelt's arm. As soon as they got out the door, Coffelt "broke away" from Smith, and started running around the corner of the building. Smith began firing his pistol, "shooting to stop him", fired two shots, both struck Coffelt's left leg, one bullet going through his thigh and the other his leg below the knee.

Coffelt was then taken to a hospital, and the officers took Goins to jail, charging him with. disorderly conduct, to which he later pleaded guilty. They made no attempt to re-arrest Coffelt or return him to custody, but they abandoned the charges as to him.

■ Upon these facts it is clear these officers were acting officially, not personally. Goins and Coffelt were guilty of a breach of the peace, threatened in the presence of these officers, for which the officers had a right to arrest them without a warrant. T. C. A. sec. 40-803(1).

So Smith's arrest of Coffelt was lawful, but he had no right to shoot or shoot at Coffelt, who was guilty only of a misdemeanor, to stop his flight or prevent his escape. Day v. Walton, 199 Tenn. 10, 21, 281 S. W. (2d) 685, 690; State ex rel. Harbin v. Dunn, 39 Tenn. App. 190, 282 S. W. (2d) 203, 206, and cases there cited.

■ The deputy acts as the sheriff's other self, in lieu of the sheriff and in his name, represents him officially. The deputy's official acts are deemed the sheriff's acts, and the sheriff is liable for the deputy's official misconduct, or wrongful official act, "the sheriff being held responsible under the doctrine of agency". Jones v. State, 194 Tenn. 534, 539, 253 S. W. (2d) 740, 742; State ex rel. Blanchard v. Fisher, 193 Tenn. 147, 245 S. W. (2d) 179; Ivy v. Osborne, 152 Tenn. 470, 279 S. W. 384.

■ Following the common law rule that a sheriff and his surety were liable for wrongful official acts done by "virtue of the office", but not for those done under "color of office", Ivy v. Osborne, supra, held the sheriff and his surety not liable for the deputy's wrongful act of the latter class. But by our statute the sheriff's official bond covers liability for wrongful official acts of both classes— those done by "virtue of office" and those done under "color of office". T. C. A. sec. 8-1920(3); Jones v. State, supra; State ex rel. Harbin v. Dunn, supra; Marable v. State ex rel Wackernie, 32 Tenn. App. 238, 222 S. W. (2d) 234.

Upon these authorities, we think that since deputy Smith's arrest of Coffelt was lawful, his tortious act of shooting this misdemeanant to stop his flight, was an official act *virtute officii* for which the sheriff and his bondman would be liable (State ex rel. Morris v. National

410

Surety Co. and Bragg, 162 Tenn. 547, 39 S. W. (2d) 581);
but that such official act, whether *virtute officii* or *colore
officii* would, under our statute, T. C. A. sec. 8-1920(3),
impose liability on the sheriff and his surety. Jones v.
State, supra; State ex rel. Harbin v. Dunn, supra; Mar-
able v. State ex rel. Wackernie, 32 Tenn. App. 238, 222
S. W. (2d) 234.

█  As to the issue of punitive damages, it is well set-
tled in this state that where a principal is found to be
liable for a wrongful act of his agent, ''done with a bad
motive and a disregard of social obligations'', the prin-
cipal may be held for exemplary or punitive damages as
well as the agent. Springer Transportation Co. v.
Smith, 84 Tenn. 498, 502, 1 S. W. 280; Knoxville Traction
Co. v. Lane, 103 Tenn. 376, 389, 53 S. W. 557, 46 L. R. A.
549; American Lead Pencil Co. v. Davis, 108 Tenn. 251,
66 S. W. 1129.

The basis for holding the principal for the acts of
his agent is that the agent acts as the principal's *alter
ego* or other self. 2 Mechem on Agency (2nd ed.) 1802-
1806. Since the deputy acts as the sheriff's other self,
we think the sheriff is liable for exemplary damages the
same as any other principal. Such a rule is not a hard-
ship on the sheriff, who can be indemnified by the bonds
of his deputy, but is a needed protection of citizens
against official abuse and oppression.

While there is authority to the contrary, we think the
rule, supported by the better principle and the greater
weight of authority, is that a sheriff may be held liable
for punitive, as well as compensatory damages, for a
wrongful official act of his deputy. 47 Am. Jur. Sheriffs,
Police, and Constables, secs. 158, 166, and the cases cited

in the annotations in 1 A. L. R. 241, 102 A. L. R. 185, 116 A. L. R. 1071.

The obligation of the surety on the bond is the same as the principal, the sheriff; and since he is liable for damages, punitive and compensatory, we think the surety is likewise liable. See Garner v. State ex rel. Askins, 37 Tenn. App. 510, 266 S. W. (2d) 358, where a constable's bond, with like condition with that of the sheriff, was held to cover liability for punitive as well as compensatory damages.

Plaintiff Hazel Coffelt insists that the verdict and judgment thereon are void for their failure to fix the amount to which she was entitled and the amount to which her son was entitled; and that the amount awarded for compensatory damages is so inadequate that plaintiff should have a new trial.

This case actually involved two suits, one for Mrs. Coffelt's damages and the other for her son's damages. But by treating them as one suit and by joining both in one declaration, she indicated one recovery was sought for both of them. The jury were confused about this and returned from their deliberations to ask further instructions from the judge, when the following occurred:

"The Court: Did you have some question you wanted to ask me?

"The Foreman: Judge, your honor, so hard to hear and some of us didn't hear it all, that is the question. In other words, if two suits, one involving the boy and one the mother.

"The Court: Yes, sir.

"The Foreman: Then what about this other punitive part, does it come connected with that or separate?

"The Court: Well, it's separate, as I told you, I wanted you to return a verdict for compensatory damages, to report that in one item and if you thought a penalty ought to be invoked, why, report that in separate item so I would be able to tell because I myself would be able to know what you are thinking about.

"The Foreman: The confusion that we were up against was that first one item, in other words, it would be one item covering both him and her?

"The Court: Yes, it is all together.

"The Foreman: Thank you. Because she is the one that sues."

■ Plaintiff and her learned counsel were present and heard this colloquy and made no request that the jury return separate verdicts, one for the son's damages and the other for the mother's damages. Also when the jury brought in one verdict for plaintiff against both defendants for $500 compensatory and $500 punitive damages, neither Mrs. Coffelt nor Thurman Coffelt objected to the form of the verdict. Having failed to make such objection before judgment was entered thereupon, the objection was waived. T. C. A. sec. 20-1509. So we think Mrs. Coffelt is in no position to complain now as to the form of the judgment.

So far as Thurman Coffelt is concerned, he is in no position to complain. If he be regarded as a party

plaintiff, he did not prosecute an appeal in error, or writ of error and, therefore, cannot assign error here. Barnes v. Noel, 131 Tenn. 126, 134, 174 S. W. 276; Mason v. City of Nashville, 155 Tenn. 256, 291 S. W. 1074; Gholston v. Richards, 179 Tenn. 645, 648, 169 S. W. (2d) 846, 847.

█ As to plaintiff's contention that the verdict is inadequate, we think Mrs. Coffelt has no right to complain of that. The only element for which she could recover was for her loss of services of her son for the period he was disabled during the rest of his minority. The proof does not show how long this was or how much would have been his earnings.

All of the assignments of error are overruled, the judgment of the Circuit Court is affirmed, and judgment will be entered here for plaintiff for the amount of the judgment below with interest. The costs of the appeal in error will be adjudged against defendants and the sureties on their appeal bonds.

Hickerson and Shriver, JJ., concur.