J. C. WATERS, Plaintiff-Appellant,

v.

Austin McCLARY, Sheriff of Polk County, Tennessee, et al., Defendants-Appellees.

Yvonne WATERS, Plaintiff-Appellant,

v.

Austin McCLARY, Sheriff of Polk County, Tennessee, et al., Defendants-Appellees.

Nos. 15952, 15953.

United States Court of Appeals
Sixth Circuit.

April 13, 1965.

Harry Berke, Chattanooga, Tenn., Berke & Berke and Thomas Gene Sinor, Chattanooga, Tenn., on brief, for plaintiffs-appellants.

H. Keith Harber, Chattanooga, Tenn., for appellee St. Paul Fire & Marine Ins. Co.

Before MILLER, O'SULLIVAN and PHILLIPS, Circuit Judges.

HARRY PHILLIPS, Circuit Judge.

This case presents the question of whether a sheriff and the surety on his official bond are liable for injuries and damages caused by the negligent operation of a county-owned automobile by a deputy sheriff while on routine patrol.

The jury returned a verdict of $50,000 in favor of plaintiff Yvonne Waters and $15,000 in favor of her husband against all four defendants, the deputy sheriff (driver of the automobile), Polk County, Tennessee (owner of the automobile), the sheriff and St. Paul Fire and Marine Insurance Company, the surety on the sheriff's official bond.[1]

Thereafter, in an opinion published at 227 F.Supp. 462, the district court sustained the motion of the sheriff and his surety for a directed verdict notwithstanding the verdict of the jury, and set aside the verdict as to these two defendants. From this action plaintiffs have appealed, urging that this court reverse the judgment of the district court and reinstate the jury verdict.

The facts are largely undisputed. The district judge, the Honorable Frank W. Wilson, stated in his opinion that the evidence, when considered in the light most favorable to plaintiffs, shows that the deputy sheriff was on authorized routine patrol duty at the time of the accident; that he was in the process generally of enforcing the laws of the state, and that he had checked one beer tavern and was en route to check another one when the accident occurred; that he had no specific assignment, no specified investigation to make, and no official paper to serve or execute; that he was under no specific orders from the sheriff at the time of the accident; and that the deputy was guilty of negligence in the operation of the automobile which proximately caused extensive injuries to Mrs. Waters, in that he drove upon the wrong side of the highway and struck plaintiffs' automobile.

The sole question on this appeal is whether, under these facts, plaintiffs are entitled to recover against the sheriff and the surety on his official bond. In determining the question, we look to the law of Tennessee. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

The sheriff is required to execute and maintain an official bond under the provisions of a Tennessee statute.[2]

The obligations covered by official bonds are spelled out in another statute,[3]

1. By stipulation prior to trial it was agreed that the county would not in any event be liable in excess of the aggregate sum of $20,000 in both cases, which was the extent to which the county had waived its governmental immunity by the purchase of liability insurance. Accordingly, the sum of $20,000 was paid into court and the county was discharged of its obligation under the verdict and judgment. The liability of the county and the personal liability of the deputy sheriff are not at issue on this appeal.

2. T.C.A. § 8–803: "Surety bond.—The sheriff, before entering on the duties of his office, shall give bond, with good security, in a penalty of not less than twelve thousand dollars ($12,000) nor more than fifty thousand dollars ($50,-000), at the discretion of the court, payable to the state, and conditioned well and truly to execute and due return make of all process to him directed, and to pay all fees and sums of money by him received or levied by virtue of any process into the proper office, or to the person entitled, and faithfully to execute the office of sheriff, and perform its duties and functions during his continuance therein. This bond shall be acknowledged before the county court, in open court, approved by it and recorded upon the minutes, and filed among its records, and a certified copy sent to the comptroller of the state."

3. T.C.A. § 8–1920: "Obligations covered by bonds.—Every official bond executed under this Code is obligatory on the principal and sureties thereon—

"(1) For any breach of the condition during the time the officer continues in office or in the discharge of any of the duties of such office.

which has been held to apply to the sheriff. Jones v. State, 194 Tenn. 534, 253 S.W.2d 740.

The extent of the liability of the sheriff and his bondsmen for acts of his deputy was defined by the Supreme Court of Tennessee in Ivy v. Osborne, 152 Tenn. 470, 279 S.W. 384:

> "Some authorities declare a sheriff liable for all official misconduct of his deputy, and also for acts not required of him by law, where the deputy assumes to act under color of office, and hold that such acts may include wrongs and trespasses done under color of office. Other authorities take the view that, in order to carry the liability to the principal, the act of the deputy must be by virtue of the office, and interpreting this rule it is held that, in order for the deputy's act to have that character, *it must be done in an attempt to serve or execute a process, or under a statute giving him the right to arrest without a warrant, and if he acts otherwise he is doing so as an individual.* 24 R.C.L., pp. 281, 282, par. 75. The Tennessee courts follow the rule last stated, upon the reasoning that the deputy acts in lieu of the sheriff and in his name, and representing the sheriff officially, and not as an agent, the authority of the deputy is limited to official acts." 152 Tenn. at 473, 279 S.W. at 384. (Emphasis supplied.)

In State v. National Surety Company, 162 Tenn. 547, 39 S.W.2d 581, the court applied the Ivy v. Osborne principle to a case where a drunken injured man in need of prompt medical and surgical attention was arrested and taken by a deputy sheriff to a prison rather than a hospital, and died the following day, holding that a right of action could be maintained against the sheriff and the surety on his bond.

Appellants urge that Ivy v. Osborne has been modified by subsequent decisions, and that a broader liability is imposed upon the sheriff and his surety by statute, T.C.A. § 8–1920 (see note 3). This statute originated with Tennessee's first official code as Section 771 of the Code of 1858, and has remained in effect without amendment continuously since that time. It was in force when the Supreme Court of Tennessee handed down its decision in Ivy v. Osborne, supra, in 1925, and its earlier decision to the same effect in McLendon v. State, 92 Tenn. 520, 22 S.W. 200, 21 L.R.A. 738, in 1893. Ivy v. Osborne has been cited with approval by the Supreme Court of Tennessee as recently as 1951, State v. Fisher, 193 Tenn. 147, 150, 245 S.W.2d 179 (opinion by Justice Burnett, who is now Chief Justice of Tennessee), and 1952, Jones v. State, etc., supra, 194 Tenn. 534, 539, 253 S.W.2d 740 (opinion by Chief Justice Neil); and by the Court of Appeals of Tennessee as recently as 1958, Jones v. Bozeman, 45 Tenn.App. 141, 151, 321 S.W.2d 832.

We find no reported case in which the Tennessee courts have held that a sheriff and the surety on his official bond are liable for the negligent acts of a deputy sheriff in driving an automobile on routine patrol.[4]

---

"(2) For the faithful discharge of the duties which may be required of such officer by any law passed subsequently to the execution of the bond, although no such condition is expressed therein.

"(3) For the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office as by the failure to perform, or the improper or neglectful performance, of the duties imposed by law."

4. In every Tennessee decision cited in the briefs in this case where the surety on the official bond of a sheriff or constable has been held liable for personal injuries, the act occurred when the officer attempted to exercise the authority of his office with respect to the injured person. For example: An assault by a constable in making arrest, Garner v. State, 37 Tenn.App. 510, 266 S.W.2d 358; the act of shooting down a tire of a fleeing automobile in an effort to stop it and arrest the occupants, Jones v. State, supra, 194 Tenn. 534, 253 S.W.2d 740 and State v. Dunn, 39 Tenn.App. 190, 282 S.W.2d

Appellants rely strongly upon Jones v. Buckelew, 247 Ala. 475, 25 So.2d 23, in which the Supreme Court of Alabama, construing an Alabama statute almost identical to T.C.A. § 8–1920 (see note 3), held the official bondsman of a deputy sheriff to be liable for personal injuries caused by the negligent operation of an automobile by the deputy while "ferreting out crime."[5] It should be here observed that the action before us is not against the sheriff *for his own conduct*, and therefore we need not consider whether the surety on his official bond would be holden. We emphasize too that no official bond of the *deputy sheriff* is involved in the matter before us, as was the case in Jones v. Buckelew. No question was there raised about the liability of the sheriff or his surety for the acts of a deputy, so the decision offers little help in deciding our present question. The Supreme Court of Alabama cited Ivy v. Osborne, supra, along with the decisions of a number of other states, but refused to follow them, recognizing that a different rule prevails in Alabama from that applied in Tennessee. Suffice to say that this court is bound by the law of Tennessee in the instant case, and not the law of other jurisdictions.

Many of the Tennessee decisions contain extended discussions of the common law distinction between the acts of a sheriff and his deputies by "virtue of office" and "color of office." We do not find it necessary to discuss or apply this distinction here, because it is now held that the distinction is abolished in Tennessee by the terms of T.C.A. § 8–1920 (see note 3). State v. Dunn, supra, 39 Tenn.App. 190, 282 S.W.2d 203. With respect to his relationship with plaintiffs at the time of the automobile accident here involved, the deputy was not acting either by "virtue of office" or "color of office" under the reasoning of the Tennessee decisions herein cited. The deputy sheriff in the instant case was not undertaking to arrest Mrs. Waters or serve any papers upon her at the time of the accident. His negligence in driving the automobile across the center line of the highway and striking the Waters automobile was not committed in the act of performing an official duty with respect to Mrs. Waters in his capacity as deputy sheriff or in exercising the power or authority of his office. We find no Tennessee authority authorizing us to enlarge the official bond of the sheriff into a policy of liability insurance rendering the surety liable for every act of negligence on the part of a deputy while operating a county-owned automobile on routine patrol.

Affirmed.

203; the shooting of a fleeing person to stop his flight to avoid arrest, State v. Fisher, 193 Tenn. 147, 245 S.W.2d 179 and State v. Hartford Accident & Indemnity Co., 44 Tenn.App. 405, 314 S.W.2d 161; and the shooting of an occupant of an automobile by a drunken constable, Marable v. State, 32 Tenn.App. 238, 222 S.W.2d 234. All of these cases fall within the rule as stated in Ivy v. Osborne, supra, and State v. National Surety Company, supra.

5. In State v. Dunn, supra, it is stated the Tennessee Code Section now T.C.A. § 8–1920, was taken from the Alabama Code of 1852, § 130, without change. 39 Tenn. App. at 208, 282 S.W.2d 203.