Frank Grace, Jr., Willis & Knight, Nader Baydoun, Nashville, for respondents.

**Henry Palmer ROGERS, Petitioner,**

v.

**Charles ANDERSON, Honorable Fate Thomas, Aetna Casualty and Surety Company, David H. Miller, Metropolitan Government of Nashville, Davidson County, Tennessee, and Ed Little, Respondents.**

Supreme Court of Tennessee.

May 7, 1979.

## OPINION

BROCK, Justice.

Plaintiff, Henry Palmer Rogers, seeks a summary judgment under T.C.A., § 25–301, against Fate Thomas, Sheriff of Davidson County, for failure to return an execution within the time provided by law.

Plaintiff obtained a judgment by default against the original defendant, Charles Anderson, in the Circuit Court of Davidson County for the sum of $27,000.00. The circuit court clerk issued an execution for the judgment and caused the same to be delivered to the sheriff. The sheriff entrusted to a deputy, Ed Little, the responsibility of making a return on the execution by the return date, January 8, 1975. The deputy sheriff failed to do so and on December 18, 1975, Mr. Rogers filed a motion for summary judgment pursuant to T.C.A., § 25–301, which provides:

"25–301. *Motion by plaintiff against executive officer.*—Judgment by motion may be had against any sheriff, coroner, or constable, or other executive officer, to whom an execution is directed and by him received, for the amount due upon such execution, and twelve and one-half per cent (12½%) damages, in the following cases:

"(1) When he fails to make due and proper return of such execution.

"(2) When he makes a false or insufficient return.

"(3) When he fails to pay over money collected on such execution."

The trial judge heard the motion and issued a memorandum opinion sustaining it and rendered judgment against Sheriff Thomas and surety in the aggregate amount of $30,937.50, $27,500.00 plus a penalty of 12½%, in accordance with T.C.A., § 25–301.

The Court of Appeals, relying on T.C.A., §§ 8–831 and 8–832, reversed the judgment and dismissed the action. We granted certiorari.

T.C.A., § 8–810, sets out duties imposed upon the sheriff. Subsection (5) provides:

"To execute all writs and other process to him legally issued and directed, within his county, and make due return thereof, *either by himself or his lawful deputy.*" (Emphasis added.)

In *Ivy v. Osborne,* 152 Tenn. 470, 279 S.W. 384 (1926), this Court held that the sheriff and the sureties on his bond are liable for losses and wrongs caused by a deputy sheriff acting by virtue of his office. The Court recognized that such liability was grounded in the common law. Since the *Ivy* decision, however, the legislature has enacted T.C.A., §§ 8–832—8–834, which provide as follows:

"8–832. *Liability for wrongs of deputies—Limitation.*—No sheriff, whether elected or appointed, nor any surety on his bonds, shall be liable for any wrongs, injuries, losses, damages or expenses incurred as a result of any act *or failure to act* on the part of any deputy appointed by said sheriff, whether said deputy is

acting by virtue of office, under color of office or otherwise. (Emphasis added.)

"8–833. *Suits against counties for wrongs of deputies.*—Anyone incurring any wrong, injury, loss, damage or expense resulting from any act or failure to act on the part of any deputy appointed by the sheriff may bring suit against the county in which the sheriff serves; provided that the deputy is, at the time of such occurrence, acting by virtue of, or under color of office.

"8–834. *Waiver of governmental immunity—Limit.*—The governmental immunity of the county in which the said sheriff serves is waived for purposes of § 8–833, but to an extent not in excess of the amount of the surety bond executed for that county's sheriff pursuant to § 8–803."

Clearly, T.C.A., § 8–832, completely absolves the sheriff and his surety of liability for damages caused by the sheriff's deputies whether grounded upon their acts or failures to act. Of course, the sheriff would not be absolved of liability for damages caused by his own personal acts or failure to act with respect to duties which he assumes personally to perform. Since the enactment of T.C.A., § 8–832, the remedy provided by T.C.A., § 25–301, is no longer available against a sheriff for the act or failure to act of a deputy to whom the sheriff has entrusted the service and return of an execution directed to the sheriff. *See O'Neal v. DeKalb County,* Tenn., 531 S.W.2d 296 (1975); *Grundy County v. Dyer,* Tenn., 546 S.W.2d 577 (1977); *Sandlin v. Pearsall,* 427 F.Supp. 494 (E.D.Tenn.1976).

It was the deputy sheriff, Ed Little, not Sheriff Thomas, who undertook the service and return of the execution in this case; his failure to make return within the time required by statute was a "failure to act" for which the sheriff and his surety are absolved of liability by T.C.A., § 8–832.

The judgment of the Court of Appeals, reversing the judgment of the trial court and dismissing the claim against the sheriff

and his surety, is affirmed. Costs are taxed against the petitioner.

HENRY, C. J., and FONES, COOPER and HARBISON, JJ., concur.